2008 VT 131

**Vermont Built, Inc. v. Steve Krolick and Lisa Stickney**

[969 A.2d 80]

No. 07-177

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed October 31, 2008

*Andrew C. Boxer* and *Wesley M. Lawrence* of *Ellis Boxer & Blake*, Springfield, for Plaintiff-Appellee.

*Melvin Fink*, Ludlow, for Defendants-Appellants.

¶ 1. **Dooley, J.** Homeowners Steve Krolick and Lisa Stickney appeal an order of the Windsor Superior Court awarding plaintiff contractor, Vermont Built, Inc., attorney's fees and prejudgment interest as an addition to an arbitrator's award of consequential damages for breach of a house-construction contract. On appeal, homeowners contend that: (1) the trial court's modification of the arbitrator's decision was not done in compliance with 12 V.S.A. § 5678(b); (2) the court abused its discretion in awarding attorney's fees; and (3) the court abused its discretion in awarding prejudgment interest when contractor's request was untimely and without factual basis. We reverse and remand.

¶ 2. The parties entered into the contract at the heart of this case in September 2004, agreeing on the terms pursuant to which contractor would construct a single-family residence in Springfield, Vermont. Paragraph nine of the contract stated, in pertinent part:

> If OWNER, fails to make any of the progress payments called for, CONTRACTOR may, upon having given fourteen (14) days notice to the OWNER, terminate this contract, recover from OWNER payment for all work competed [sic] to such date, including the total amount of the charge above costs called for in paragraph number 2, and declare this contract null and void. The OWNER

shall pay any court costs, attorneys' fees, or other costs associated with collecting monies owed CONTRACTOR by the OWNER.

In paragraph fourteen, the contract stated that "[a]ny controversy or claim arising out of or relating to this contract, or breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association."

¶ 3. The dispute that ultimately led to this lawsuit arose with regard to a progress payment due April 26, 2005. Homeowners maintain that they refused payment because of dissatisfaction with the quality of contractor's work, including alleged flaws in installing a porch, chimney, bulkhead, furnace, siding, floors, and stairs. Homeowners further claim that contractor would not answer their questions regarding crediting a deposit for flooring and an earlier payment against the April invoice. Contractor halted construction work, and homeowners refused to make any further payments until contractor addressed their concerns. Further negotiations were fruitless, and contractor filed a mechanic's lien on May 5, 2005.

¶ 4. On June 30, contractor brought suit against homeowners alleging breach of contract and seeking to enforce the mechanic's lien. Contractor sought a nonpossessory attachment of homeowners' property, damages of $33,877, interest, and cost of suit. Homeowners responded, in part, with a counterclaim alleging breach of warranty, breach of contract, and consumer fraud. Homeowners sought damages of $40,000 plus exemplary damages, attorney's fees, and costs. Homeowners also moved to dismiss the case because sole jurisdiction of the dispute lay with the American Arbitration Association (AAA). The court granted contractor's motion for a writ of attachment, but directed the parties to arbitrate the dispute and designated the case as "pending but inactive" until the arbitration concluded.

¶ 5. The arbitration proceeded pursuant to an AAA form preliminary hearing and scheduling order. Under the heading "Form of Award," the order contained three alternatives with the direction to circle the selected option: standard award, reasoned award, or findings of fact and conclusions of law. The alternative circled was "standard award." On September 29, 2006, the arbitrator issued a one page award, with no findings of fact, conclud-

ing that contractor was entitled to $28,877 for work completed but not paid, less $8,130, the amount homeowners incurred to correct contractor's defective work. The arbitrator denied homeowners damages for the cost to complete construction and enhanced damages under the Consumer Fraud Act. The arbitrator denied contractor interest and denied both parties attorney's fees. The award required contractor to pay seventy-five percent of the cost of the arbitration, and homeowners twenty-five percent.

¶ 6. Contractor moved in superior court to vacate or modify the arbitration award "with respect to the issue of attorneys' fees and costs only," seeking full payment of these items. Contractor argued that the court had authority to modify or vacate the award under the Vermont Arbitration Act because the arbitrator "exceeded [his] powers." 12 V.S.A. § 5677(a)(3). Specifically, contractor argued that he was the substantially prevailing party and therefore was entitled to attorney's fees and costs under the Prompt Payment Act, 9 V.S.A. § 4007(c), and attorney's fees under the language of the contract between the parties. Homeowners responded that the arbitrator's award was fully consistent with *Fletcher Hill, Inc. v. Crosbie*, 2005 VT 1, 178 Vt. 77, 872 A.2d 292, and that "[t]he Arbitrator did not exceed his powers."

¶ 7. The superior court sided primarily with contractor, but did not grant the complete relief sought. Instead, the court remanded the matter to the arbitrator on the issue of attorney's fees and costs, and directed contractor to request from the arbitrator a written rationale for his decision denying attorney's fees and costs. The court said it would rule definitively on the motion to vacate or modify once it received the arbitrator's rationale for its decision. In a letter dated January 23, 2007, the arbitrator explained that his decision not to award attorney's fees to contractor was based on his conclusion that contractor "breached the contract in several ways, primarily by abandoning the work and that the breach voided the terms of the contract," and that contractor was "the party primarily responsible for assuring that the disputed issues were not equitably resolved in a timely manner by negotiation rather than resorting to arbitration." The arbitrator reasoned accordingly that, as "a matter of equity," homeowners "should not be required to pay [contractor's] legal fees and arbitration costs."

¶ 8. The arbitrator's decision led to another motion to vacate or modify and another objection. The superior court responded by

granting contractor's motion to modify, ordering homeowners to pay contractor's attorney's fees and prejudgment interest at a rate of twelve percent per year. The court explained that "[t]he question presented is whether the arbitrator acted outside of his authority when he denied the additional remedies sought by plaintiff." In its discussion, the court reviewed applicable Vermont law and determined whether the arbitrator's decision was consistent with that law. On the critical point of who was the substantially prevailing party, the court held that the arbitrator had not "explained what was decided and why" and "did not find a good faith basis for the defendants to withhold payment." Thus, the court concluded that "[g]iven the lack of any finding that defendants withheld payment in good faith, the court agrees with plaintiff that an award of attorney's fees is mandatory." The court also awarded prejudgment interest and costs under the contract, noting that the arbitrator "did not explain why the plaintiff's actions would void some terms of the contract and not others." Thereafter, contractor submitted a proposed judgment order, complete with documentation of fees and costs. Homeowners responded by alleging that the amount of fees requested by contractor was "patently unreasonable" and that prejudgment interest was inappropriate under the Prompt Payment Act. On April 5, 2007, the court issued a final judgment order, awarding contractor, in addition to the $20,747 awarded by the arbitrator: (1) $4,795.11 in prejudgment interest; (2) $19,188.50 in attorney's fees; and (3) $339.50 in costs.[1] This appeal followed.

¶ 9. We begin with the issue of attorney's fees. Homeowners argue that the court abused its discretion in awarding contractor attorney's fees because: (1) the court had no statutory basis or legal authority to modify or vacate the arbitration award; and (2) attorney's fees may not, as a matter of law, be awarded to a party who materially breaches a contract. Before we address the merits of the first argument, we must address contractor's contention that this argument was not preserved below.

■ ¶ 10. In effect, contractor faults homeowners for not presenting a clearer statement regarding the court's authority to modify or vacate the award in the trial court. Contractor asks too much. The purpose of our preservation rule is to "ensure that the original forum is given an opportunity to rule on an issue prior to

---

[1] Homeowners have not appealed the award of costs.

our review." *In re Entergy Nuclear Vt. Yankee, LLC*, 2007 VT 103, ¶ 9, 182 Vt. 340, 939 A.2d 504 (quotation omitted). The preservation rule is satisfied when "the trial court had a fair opportunity to consider, evaluate and rule upon" the question raised on appeal. *State v. Bressette*, 130 Vt. 321, 322, 292 A.2d 817, 818 (1972).

¶ 11. It is evident from the record that contractor proposed a statutory basis for modification or vacatur of the award and that homeowners asserted that no such basis for modification or vacatur existed. In October 2006, contractor filed a motion to vacate the arbitration award, citing both 12 V.S.A. § 5677 (grounds to vacate arbitration award) and § 5678 (grounds to modify arbitration award), and contending that the arbitrator exceeded his powers by failing to include attorney's fees, costs, and interest in the arbitration award. Homeowners responded that the arbitrator did not exceed his powers as the award was within his discretion. The trial court obviously understood that its authority to modify or vacate the award was in dispute. In its February 15 order, the court recognized that "[t]he question presented is whether the arbitrator acted outside of his authority" in his allocation of fees and costs. The court further acknowledged that both "[contractor's] motion and [homeowners'] opposition" addressed the issue of "whether the arbitrator acted outside his authority." While homeowners could have been more explicit in presenting their opposition to contractor's motions, we conclude that the trial court had "an opportunity to rule on [the] issue prior to our review" and took advantage of it. *In re Entergy*, 2007 VT 103, ¶ 9 (quotation omitted). Thus, we reach the merits.

¶ 12. Having held that homeowners preserved an objection to whether statutory authority exists for the court to take the action it did, we must add that this preservation was minimal and was not sufficient to cover all the issues homeowners have raised in their appellate brief. As the parties and the superior court recognized, the scope of review of an arbitration award is governed by the Vermont Arbitration Act, 12 V.S.A. §§ 5651-5681. Although at the superior court contractor cited both the section of the Act that authorizes the court to vacate the award, § 5677, and the separate section that authorizes the court to modify an award, § 5678, it relied specifically only on a ground to vacate the award — that the arbitrator exceeded his powers under § 5677(a)(3). On appeal, homeowners argue that contractor actually sought modification of the award under § 5678, not vacatur under § 5677, and

that none of the statutory grounds for modification apply. However, homeowners never argued in the superior court that § 5677(a)(3) was inapplicable or that contractor's theory — that the failure to award attorney's fees, costs, and interest under the Prompt Payment Act was beyond the power of the arbitrator — was wholly invalid. Thus, we do not address homeowners' argument that only the modification grounds apply. We will confine our review to that ground to vacate the award and assume that it applies.

¶ 13. We stress that the standard of review of an arbitration award by the superior court or by this Court is very limited. "Vermont has a strong tradition of upholding arbitration awards whenever possible." *R.E. Bean Constr. Co. v. Middlebury Assocs.*, 139 Vt. 200, 204, 428 A.2d 306, 309 (1980). "Indeed, we have long recognized the importance of arbitration as an alternative to litigation for the efficient resolution of disputes, understanding that, if courts were accorded a broad scope of review, then arbitration would become merely another expensive and time consuming layer to the already complex litigation process." *Brinckerhoff v. Brinckerhoff*, 2005 VT 75, ¶ 5, 179 Vt. 532, 889 A.2d 701 (mem.) (quotations omitted). While the trial court acts "as an appellate tribunal with a limited scope of review," it does not "reweigh the evidence presented to the arbitrator or subject the merits of the controversy to judicial review." *Matzen Constr., Inc. v. Leander Anderson Corp.*, 152 Vt. 174, 177, 565 A.2d 1320, 1322 (1989) (quotations omitted); see also *Muzzy v. Chevrolet Div., Gen. Motors Corp.*, 153 Vt. 179, 185, 571 A.2d 609, 613 (1989) ("We are not at liberty to set aside an arbitration panel's award because of an arguable difference regarding the meaning or applicability of laws urged upon it.") (quotations omitted). The trial court can modify or vacate an arbitrator's award only pursuant to statutory grounds or if the parties are "denied due process." *Brinckerhoff*, 2005 VT 75, ¶ 5.[2]

---

[2] In *Muzzy*, we discussed but did not adopt another ground for vacating an arbitrator's decision — that the arbitrator manifestly disregarded the law. 153 Vt. at 185, 571 A.2d at 613. This ground was recognized in some federal circuits, and was perceived to be court-created and not based on the Federal Arbitration Act. *Hall Street Assocs. v. Mattel, Inc.*, 552 U.S. 576, 584, 128 S. Ct. 1396, 1403 (2008). However, the United States Supreme Court has since held that under the Federal Arbitration Act a court has no authority to review for an arbitrator's legal errors. *Id.* at 586, 128 S. Ct. at 1404. While contractor did not raise this ground, we take

■ ¶ 14. The resulting arbitration award implicates another limitation on court review. Unless the arbitration agreement provides otherwise, arbitrators "need not provide any explanation or reasoning beyond the award figure." *Shahi v. Ascend Fin. Servs., Inc.*, 2006 VT 29, ¶ 13, 179 Vt. 434, 898 A.2d 116. Here, the parties explicitly agreed that they did not want the arbitrator to provide findings of fact and conclusions of law, and contracted for the arbitrator to produce only a statement of the award.

¶ 15. We first address the substantive standard governing contractor's request to vacate the award of the arbitrator. Contractor asserted one statutory ground for vacating the award — that the arbitrator exceeded his powers. Contractor's argument in essence is: (1) the arbitrator made a legal error in determining the award, (2) because it made this error, the arbitrator exceeded its power, and (3) the superior court is to act as an appellate court with respect to the arbitrator's application of the law. In fact, the statutory ground is much narrower than contractor's argument suggests.

¶ 16. We have not directly ruled on the scope of the vacatur ground that the arbitrator exceeded his powers. In substantial part, the Vermont Arbitration Act is based on the Uniform Arbitration Act of 1956, and this ground for vacatur is taken from § 12(a)(3) of that uniform act. See Unif. Arbitration Act (1956), 7 U.L.A. 100, 497 (2005) (table of adoptions and explanation of Vermont adoption). The uniform act has been adopted in twenty-six other states, and many courts have construed the provision before us.[3] *Id.* at 8 (Supp. 2008). Moreover, the Federal Arbitration Act, which we have noted contains review provisions that are identical in substance to the Vermont Arbitration Act, *Muzzy*, 153 Vt. at 184, 571 A.2d at 612, includes a comparable ground to vacate: "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).

this opportunity to clarify that we do not recognize a court's right to review an arbitrator's decision for manifest disregard of the law.

[3] The Act has been replaced by the Uniform Arbitration Act of 2000, and twelve states have adopted this more modern version. 7 U.L.A. 1 (Supp. 2008). Vermont has not adopted the 2000 Act. Section 23(a)(4) of the 2000 Act has a similar ground to vacate an award — that the "arbitrator exceeded the arbitrator's powers," *id.* at 74 (2005), and we see no relevant difference in meaning. Thus, decisions construing this ground in the 2000 Act are equally helpful.

■ ■ ¶ 17. Decisions under statutes based on the Uniform Arbitration Act and under the Federal Arbitration Act are helpful to us in construing the Vermont act. The decisions are virtually uniform that the vacatur ground that the arbitrator exceeded his powers does not authorize the court to review the legal or factual conclusions of the arbitrator. The proper inquiry "focuses on whether the arbitrator[] had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrator[] correctly decided that issue." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 824 (2d Cir. 1997); see also *Bic Pen Corp. v. Local No. 134, United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 440 A.2d 774, 776 (Conn. 1981) (under uniform act, determination of whether arbitrator exceeded his or her powers is "limited to a comparison of the award to the submission" and does not review factual or legal decisions); *Fairman v. Dist. of Columbia*, 934 A.2d 438, 442 (D.C. 2007) (under uniform act, in determining whether arbitrator exceeded his authority, appeals court does not review arbitrator's award on the merits, only whether arbitrator ruled on matters within the scope of the arbitration agreement); *LeNeve v. Via South Florida, L.L.C.*, 908 So. 2d 530, 534 (Fla. Dist. Ct. App. 2005) (under uniform act, arbitrator exceeds authority when she "decides an issue not pertinent to the resolution of the issue submitted to arbitration" (quotation omitted)). Thus, "[a]n arbitrator exceeds his powers when he rules on issues not submitted to him by the parties." *Hoeft v. MVL Group, Inc.*, 343 F.3d 57, 71 (2d Cir. 2003) (quotation omitted). An arbitrator does not exceed his or her powers where the "real objection appears to be that the arbitrators committed an obvious legal error in denying [plaintiff] attorney's fees." *DiRussa*, 121 F.3d at 824.

¶ 18. The Idaho Supreme Court in *Mumford v. Miller*, 137 P.3d 1021 (Idaho 2006), decided the exact same question as is before us under the identical provision of the Uniform Arbitration Act. In *Mumford*, the arbitrator considered a dispute over the termination of a contract under which a lawyer provided services to clients of a law firm as an independent contractor. The contract required disputes to be arbitrated and provided for an award of attorney's fees to the prevailing party in the arbitration. The arbitrator awarded damages to the plaintiff for breach of the contract and . for services plaintiff rendered, but refused to award attorney's fees. Making exactly the argument that contractor makes here,

plaintiff sought vacation of the award because the arbitrator exceeded his powers in not awarding attorney's fees.

¶ 19. The Idaho Supreme Court noted that courts normally interpret the statutory ground to vacate the award "to mean that the arbitrator considered an issue not submitted, or that he exceeded the bounds of the contract between the parties." *Id.* at 1023. It further found that the parties submitted all issues, including those involving attorney's fees, to the arbitrator, and the issues raised by the request for attorney's fees required "judgment about facts and law." *Id.* It concluded:

> We will not review the propriety of his factual determinations or the correctness of his determinations regarding applicable Idaho law. Where the parties clearly submitted the issue of attorney fees for decision and where the arbitrator determined the issue, he did not exceed his powers.

*Id.*

¶ 20. We agree with the federal and state courts' construction of the inquiry into whether an arbitrator exceeded his powers as a ground to vacate an award. In this case, the parties submitted the attorney's fees issue to the arbitrator. Contractor does not assert that either the arbitrator's agreement or the parties' submissions prevented the arbitrator from reaching the issue of attorney's fees. Consequently, contractor cannot establish that the arbitrator exceeded his powers. The superior court erred in holding that the arbitrator exceeded his powers in denying attorney's fees to contractor.

¶ 21. We note that the superior court also erred in the procedure it adopted. As we stated above, the arbitrator had no responsibility to explain the grounds for his decision or to make findings of fact or conclusions of law. Yet the superior court initially ruled that it could not confirm the arbitration award because "the arbitrator did not delineate his rationale for denying attorney's fees and costs." The court obtained the explanation to which it was not entitled by remanding the matter to the arbitrator and requiring that the arbitrator give such an explanation. In effect, the arbitrator was required to testify to the grounds for the decision in the court proceeding. While there may be circumstances when a party can inquire into the motivations of

an arbitrator — for example, where there are claims of bias or prejudice — "cases are legion in which courts have refused to permit parties to depose arbitrators . . . regarding the thought processes underlying their decisions." *Hoeft*, 343 F.3d at 67; see also *Woods v. Saturn Distribution Corp.*, 78 F.3d 424, 430 (9th Cir. 1996); *Sperry Int'l Trade, Inc. v. Gov't of Israel*, 602 F. Supp. 1440, 1443-44 (S.D.N.Y. 1985) (holding that it would be "improper" for a court to question an arbitrator as to the reasoning that led to his award). The superior court's inquiry was improper here.

¶ 22. The result of the two errors — that is, treating errors of fact and law as actions that exceeded the power of the arbitrator, and obtaining an explanation from the arbitrator of his decision — is apparent in the final decision. The superior court acted like an appellate court reviewing the decision of a trial court. Having required an explanation from the arbitrator, it ruled that the explanation was insufficient to support the action of the arbitrator under the governing law. Thus, the superior court undertook an unauthorized substantive review of an explanation that it had improperly required. As a matter of law, contractor demonstrated no permissible ground to overturn the arbitrator's decision denying it attorney's fees, and that failure should have ended the inquiry.

¶ 23. We turn next to homeowners' arguments about prejudgment interest. We treat this issue separately because homeowners raise a different argument against this component of the trial court decision. Contractor initially challenged only the omission of attorney's fees and costs from the arbitrator's award. Almost two months later, and over seventy days after the arbitrator's decision, contractor filed a supplemental motion to vacate arguing that it was entitled to prejudgment interest as a matter of law. Homeowners argue that this motion was untimely because the vacatur section of the arbitration act, 12 V.S.A. § 5677(c), requires such a motion to be made within 30 days from delivery of a copy of the arbitrator's award.[4]

¶ 24. Again, we need not reach homeowners' argument. Contractor argues that it is entitled to prejudgment interest for the same reason that it is entitled to attorney's fees: the authorization for such relief is provided in the Prompt Payment

---

[4] The record does not show when the award was delivered, but we can assume the delivery was over thirty days before contractor filed its supplemental motion.

Act. It asserts the same ground to vacate the arbitrator's award with respect to prejudgment interest as it asserts with respect to attorney's fees. Like attorney's fees, the issue of prejudgment interest was within the scope of the arbitration. Again, the court could not review the merits of the arbitrator's decision and erred in doing so. Thus, we must also reverse the superior court's award of prejudgment interest.

*Reversed and remanded.*