In re Arbitration Before Leo G. Bisson, No. S0724-10 CnC (Toor, J., Oct. 25, 2010)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| IN RE ARBITRATION BEF0RE LEO G. BISSON<br><br>DENNIS VANE, M.D. and NEIL HYMAN, M.D.<br>  Plaintiffs<br><br>  v.<br><br>FLETCHER ALLEN HEALTH CARE, INC. and FLETCHER ALLEN PROVIDER CORPORATION,<br>  Defendants | Docket No. S724-10 CnC |

RULING ON MOTIONS TO CONFIRM AND MODIFY ARBITRATION AWARD

This case was initiated by a motion to confirm an arbitration award. The plaintiffs are doctors in a dispute with their employer over payment for unused vacation days. Arbitration took place before Leo Bisson, Esq. and his decision was issued in April of 2010.  The doctors, plaintiffs Vane and Hyman (Doctors), have filed a motion to confirm the award as issued. Defendant Fletcher Allen Health Care (FAHC) has filed a motion to modify a portion of the award.

The Arbitrator's Decision

The dispute between the parties relates to the meaning and enforceability of a rather informal vacation policy that existed prior to the time that Surgical Associates, Inc. merged with FAHC. The arbitrator concluded that Vane was entitled to half his claim, for an award of $53,784.50, and that Hyman was entitled to take 350 hours as excess vacation time during his employment at FAHC and that he would be entitled to financial

reimbursement, at his then-existing pay rate, for fifty percent of any remaining amount at the time his employment terminates. The arbitrator denied all requests for interest, costs or fees.

## The Motions

The Doctors seek to confirm the arbitrator's decision. FAHC seeks to have it modified. Both sides agree to accept the actual relief awarded, but FAHC seeks modification of the legal finding that it waived its right to enforce certain contract provisions, presumably because that issue may also arise with regard to numerous other doctors not parties to this case. FAHC's position is that the ruling on that issue was arbitrary and capricious. The Doctors' position is that the court should not be reviewing that question.

"[T]he standard of review of an arbitration award by the superior court . . . is very limited. Vermont has a strong tradition of upholding arbitration awards whenever possible." Vermont Built, Inc., v. Krolick, 2008 VT 131, ¶13, 185 Vt. 139 (internal quotation omitted). "[I]f courts were accorded a broad scope of review, then arbitration would become merely another expensive and time consuming layer to the already complex litigation process." Brinckerhoff v. Brinckerhoff, 2005 VT 75, ¶5, 179 Vt. 532. Courts do not "reweigh the evidence presented to the arbitrator or subject the merits of the controversy to judicial review." Matzen Constr., Inc. v. Leander Anderson Corp., 152 Vt. 174, 177 (1989). The court "has no authority to review for an arbitrator's legal errors," or "to review an arbitrator's decision for manifest disregard of the law." Krolick, 2008 VT 131, ¶13 n. 2, *citing* Hall Street Assocs. v. Mattel, Inc., 552 U.S. 576 (2008).

2

"The scope of the trial court's review is limited to ensuring that the arbitration proceedings fall within the boundaries of due process." Matzen Const., 152 Vt. at177.

The parties agree in theory on the standard of review: the court can "modify or vacate an arbitrator's award only pursuant to statutory grounds or if the parties are denied due process." Krolick, 2008 VT 131, ¶ 139 (internal quotation omitted). However, they differ over how that standard of review applies in this case.

FAHC argues that the award is arbitrary and capricious, and thus a violation of due process which can be reviewed on a motion to modify an arbitration award. For this latter proposition it cites two federal cases, Ainsworth v. Skunick, 960 F. 2d 939 (11th Cir. 1992) and Swift Industries, Inc. v. Botany Industries, Inc., 466 F. 2d 1125 (3rd Cir. 1972). Both cases, however, predated the Hall Street case, in which the United States Supreme Court rejected the idea that "manifest disregard of the law" was a basis for rejecting an arbitrator's award. Hall Street, 552 U.S. at 583-89. Although Ainsworth did not equate "manifest disregard" with "arbitrary and capricious," the court perceives the two as essentially the same. While courts have distinguished between them as relating to irrationality versus intentional failure to apply the law, there is little reasoned basis to say that one is an appropriate ground for modification if the other is not.

In fact, in the wake of Hall Street, the Eleventh Circuit has itself rejected its earlier position, as reflected in Ainsworth, that courts could review arbitration decisions on "arbitrary and capricious" grounds. *See*, Frazier v. CitiFinancial Corp., LLC, 604 F. 3d 1313 (11th Cir. 2010). This court concludes that Hall Street's elimination of the "manifest disregard for the law" review must also be taken to eliminate any "arbitrary and capricious" review.

Even if the court can review an arbitrator's decision under the "arbitrary and capricious" standard, the court does not find the decision here to fit within that category. A decision is arbitrary and capricious when it is "arrived at without reference to any standards or principles." In re Miserocchi, 170 Vt. 320, 325 (2000). "The United States Supreme Court has defined an 'arbitrary' decision as one '[f]ixed or arrived at through an exercise of will or by caprice, without consideration or adjustment with reference to principles, circumstances, or significance ....'" Lewandoski v. Vermont State Colleges, 142 Vt. 446, 453-54 (1983)(citation omitted). Here, there is nothing to suggest that the arbitrator was acting out of caprice. He stated his reasons for finding waiver, and whether he was right or wrong as a matter of law, he stated what he understood to be the law on waiver and he applied that law to the facts he had found. Arbitration Decision ¶¶ 9-10. In reality, all that FAHC points to is an alleged error of law: a finding of waiver without first finding (1) an unequivocal waiver and (2) reasonable and detrimental reliance. Even if true, this may have been an error of law, but it was far from arbitrary or capricious.

### Order

The motion to modify the award is denied. The motion to confirm the award is granted.

Dated at Burlington, Vermont this 21st day of October, 2010.

_____
Helen M. Toor
Superior Court Judge

4