Harsch v. Applejack Real Estate Holdings, LLC, No. 289-4-12 Rdcv (Teachout, J., Aug. 31, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Rutland Unit** | **Docket No. 289-4-12 Rdcv** |

**PAUL A. HARSCH, III, et al.,**
    **Plaintiffs**

    **v.**

**APPLEJACK REAL ESTATE HOLDINGS, LLC,**
    **Defendant**

## DECISION ON PLAINTIFFS' MOTION FOR AN ORDER TO CONFIRM AND ENTER JUDGMENT UPON AN ARBITRATION AWARD & DEFENDANT'S MOTION TO VACATE

In this action the Plaintiffs seek to confirm an arbitration award and have moved for confirmation. The parties agreed to arbitrate claims relating to financial transactions between them. Arbitration took place before Christopher D. Ekman, Esq., and his decision issued on February 16, 2012, awarding Plaintiffs the sum of $47,530.05. On March 27, 2012, Mr. Ekman denied requests by both Plaintiffs and Defendant to modify the arbitration award.

Plaintiffs filed the present Motion for an Order to Confirm and Enter Judgment Upon an Arbitration Award on April 19, 2012. Defendant filed an Opposition to the Motion to Confirm Arbitration Award and Motion to Vacate on June 20, 2012. Plaintiffs had previously filed a reply on June 6, 2012. Plaintiffs are represented by Attorney Donald W. Goodrich. Defendant is represented by Attorney Brian R. Teason.

Defendant challenges two portions of the arbitration award. It argues that the arbitrator erred in awarding Plaintiffs a commission fee under the brokerage agreement and that the arbitrator awarded Plaintiffs an excessive amount of attorney's fees. As an initial matter, the parties disagree as to whether the Vermont Arbitration Act ("VAA") or the Federal Arbitration Act ("FAA") governs the disposition of these motions. The Court, however, does not need to resolve this issue because as applied to this case the standards under both acts are essentially the same.

Both the VAA and the FAA start from the presumption that a court ordinarily should confirm an arbitration award. Compare *Vt. Build, Inc. v. Krolick*, 2008 VT 131, ¶ 13, 185 Vt. 139 (holding that Vermont has a strong tradition of upholding arbitration

awards) with *Wall Street Assocs., L.P. v. Becker Paribas, Inc.*, 27 F.3d 845, 849 (2d Cir. 1994) (holding that FAA contains a "strong presumption in favor of enforcing arbitration awards"). Under both statutes, the party moving to vacate the arbitration award bears the burden of proving a valid basis for vacatur. See *Shahi v. Ascend Fin. Servs., Inc.*, 2006 VT 29, ¶ 7, 179 Vt. 434 (holding that under both the VAA and FAA the party challenging arbitration award must show a valid basis to vacate the award). This high burden is not easy for the challenging party to satisfy. Compare *Krolick*, 2008 VT 131, at ¶ 13 (holding that court's review of arbitration award under the VAA is "very limited") with *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1767 (2010) (holding that party seeking vacatur under the FAA "must clear a high hurdle").

The two statutes contain virtually identical grounds for vacating an arbitration award. See *Krolick*, 2008 VT 131, at ¶ 16 (noting that grounds for vacatur under the VAA and the FAA are "identical in substance"). Defendant, however, seeks to rely on the FAA because of its belief that the federal statute allows for non-statutory grounds for vacatur, particularly for vacatur in the event of "manifest disregard of the law by the arbitrator." The VAA does not allow for review in the event of "manifest disregard of the law." *Id*. at ¶ 13 n. 2.

Even under the FAA, the "manifest disregard of the law" basis is not clearly available. The United States Supreme Court has held that the statutory text of the FAA, which contains no reference to "manifest disregard of the law," sets forth the "exclusive" grounds for vacatur. *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 584 (2008). In fact, it was the *Hall Street Associates* decision that compelled the Vermont Supreme Court to conclude that review for "manifest disregard of the law" is not available under the VAA. See *Krolick*, 2008 VT 131, at ¶ 13 n. 2 (characterizing *Hall Street Associates* as holding that under the FAA a reviewing court "has no authority to review for an arbitrator's legal errors").

Nevertheless, the Second Circuit has subsequently held that the "manifest disregard of the law" standard could survive as a judicial gloss upon the statutory text of the FAA. *Stolt-Nielsen, S.A. v. AnimalFeeds Int'l Corp.*, 548 F.3d 85, 93 (2008), *reversed* 130 S. Ct. 1758 (2010). The U.S. Supreme Court reversed the Second Circuit's decision in *Stolt-Nielsen* but did not reach the question of whether "manifest disregard of the law" survives after its decision in *Hall Street Associates*. See *Stolt-Nielsen*, 130 S. Ct. 1758, 1768 n. 3. Even presuming that the Second Circuit's reasoning on this point was sound, that court limited the applicability of the "manifest disregard of the law" standard. In order to succeed under this basis, a party challenging an arbitration award must be able to show that it actually identified the governing law to the arbitrator or that the legal error is so obvious that would be instantly perceived by the average person qualified to serve as an arbitrator. *Stolt-Nielsen*, 548 F.3d at 93.

Turning to Defendant's specific objections to the arbitration award, Defendant first claims that the arbitrator "manifestly disregarded the law" in awarding Plaintiffs commission fees under the brokerage agreement. Defendant has failed to meet its heavy burden in asking this Court to vacate the arbitration award. Assuming without deciding

2

that Defendant is correct that the arbitration award rests on faulty legal premises and that "manifest disregard of the law" remains a valid grounds for vacator under the FAA, Defendant still must show that the arbitrator was aware of the law that he subsequently "manifestly disregarded" in making his arbitration award. Defendant cannot do that here as it did not present that Vermont case law that it now claims supports its position to the arbitrator until *after* he had already issued his decision. At this point, it was too late. The arbitrator must necessarily make a determination based upon the evidence in front of him at the time of the arbitration. Because Defendant failed, at that time, to highlight the law it now argues the arbitrator manifestly disregarded, the Court concludes that Defendant is not entitled to vacatur on this basis, even presuming both that this basis remains valid under the FAA and that the FAA and not the VAA should govern this case.

Defendant's second objection regarding excessive attorney's fees suffers from a similar defect. Defendant again argues that the arbitration award manifestly disregarded the law, but it fails to meet this high standard. The primary basis for Defendant's argument is that the arbitrator allowed for an unreasonable number of hours of work when calculating the award of attorney's fees under the "lodestar" analysis. Even assuming that Defendant is correct, such a miscalculation would not rise to the level of a manifest disregard of the law. In applying the lodestar analysis, the arbitrator demonstrated that he was following the law. It is not the place of this Court, as a forum of very limited review, to quibble with the result of his calculations. See, e.g., *Vt. Build, Inc. v. Krolick*, 2008 VT 131, ¶ 24, 185 Vt. 139 (holding that it was improper for a reviewing court to reach the merits of arbitrator's decision as to the amount of attorney's fees and prejudgment interest). Presuming that the "manifest disregard of law" standard is valid and applies here, the Court concludes that the arbitrator did not manifestly disregard the law in the award of attorney's fees.

**ORDER**

Plaintiff's Motion for an Order to Confirm and Enter Judgment Upon an Arbitration Award is *granted*.

Defendant's Motion to Vacate is *denied*.

Plaintiffs' Motion to Reconsider the denial of their motion for default judgment is *denied* as moot.

A hearing will be scheduled to determine attorneys' fees.

Dated at Rutland this 30th day of August, 2012.

_____
Hon. Mary Miles Teachout
Superior Judge

3