Vermont Superior Court
Filed 12/01/23

SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-04513

Mountainside Condominium Association v. Vermont Mutual Insurance

Opinion and Order on Cross-Motions for Summary Judgment

In this insurance case, the parties dispute the insured's right to pre-award interest for benefits that a panel of arbitrators determined it was entitled to receive. Mountainside Condominium Association ("Mountainside") argues that it is entitled to the interest because its claim for benefits was reasonably ascertainable and not seriously in dispute. Vermont Mutual Insurance Company ("Vermont Mutual") disagrees and argues that Mountainside waived its right to pre-award interest by releasing Vermont Mutual from "any and all extra-contractual claims." Vermont Mutual also contests the merits of Mountainside's request for interest. Both parties have filed motions for summary judgment.

The Court has considered the submissions of the parties, as well as the contentions made at oral argument. It makes the following determinations.

Undisputed Facts

The parties do not dispute the following facts. In February 2014, a fire completely destroyed Mountainside's Building 3 in its Warren, Vermont complex. Vermont Mutual provided an insurance policy to Mountainside that covered the property loss ("Policy"). Vermont Mutual made advance coverage payments to

1

Mountainside from 2014 through 2020 based on Vermont Mutual's "undisputed loss measure." Mountainside was placed in a receivership from June 2018 through June 2022. The replacement of Building 3 was completed by September 30, 2020.

Vermont Mutual started requesting records associated with the reconstruction of Building 3 starting in 2017. Mountainside never provided Vermont Mutual with a sworn proof of loss. After failed attempts to negotiate a final resolution of Mountainside's claim for first-party benefits, Mountainside demanded arbitration.

On January 16, 2020, Mountainside and Vermont Mutual entered into an agreement ("the Agreement") that included the following language:

1) Receiver/MCA releases VM from any and all extra-contractual claims associated with its adjustment of claims for benefits arising from the February 2014 fire at Building 3.

2) Within two (2) business days of the full execution of this agreement by all necessary parties, an advance of $1,500,000 of the recoverable depreciation based on VM's undisputed loss measure will be wired into MCA's escrow account . . . .

. . . .

4) Receiver/MCA waives its right to file suit against VM. This waiver does not include a suit for a breach of this Agreement.

5) Any remaining dispute between Receiver/MCA concerning entitlement to first-party benefits under the policy for reconstruction of

2

Building shall be submitted to binding arbitration with a panel of three (3) arbitrators.

The parties agreed that their arbitration would be conducted pursuant to the Federal Arbitration Act ("FAA"). When Mountainside's claim was submitted to arbitration, its claim for total construction costs was $11,493,058.30. Of this amount, Vermont Mutual paid $8,415,336 in benefits under the Policy to Mountainside before the arbitration took place.

<u>Procedure Before Arbitration Panel</u>

Prior to submitting their dispute to arbitration in November 2022, the parties disagreed about whether the arbitrators were authorized to award Mountainside pre-award interest and vigorously briefed this issue to the panel. *See* Exhibits 7, 8, and 11 to Mountainside's Statement of Facts. Vermont Mutual asserted that Mountainside waived its right to pre-award interest when it agreed to release Vermont Mutual from "any and all extra-contractual claims associated with its adjustment of claims for benefits." See Agreement, ¶ 1. Mountainside disputed that pre-award interest was included within the meaning of "extra-contractual claims," as that term was used in the Agreement, and took the position that the arbitrators were authorized to make an award for pre-award interest. According to Vermont Mutual, the arbitrators did not have the authority to arbitrate arbitrability, meaning that they lacked the authority to determine the issues that were subject to arbitration.

3

The arbitration panel issued its decision on November 4, 2022, stating, in its entirety:

> Vermont Mutual Insurance Company shall pay Mountainside Condominium Association $2,031,366.
>
> As there was not clear and unmistakable evidence that it was the intent of the parties to give the Panel the authority to arbitrate arbitrability, the Panel lacks the authority to rule on Mountainside Condominium Association's claim for interest. The Panel makes no ruling on interest.

Arbitrators are not required to provide an explanation or reasoning for their decision "beyond the award figure." *Vermont Built, Inc. v. Krolick*, 2008 VT 131, ¶ 14, 185 Vt. 139, 147 (citing *Shahi v. Ascend Fin. Servs., Inc.*, 2006 VT 29, ¶ 13, 179 Vt. 434, 440). Vermont Mutual paid the $2,031,366 award to Mountainside on November 16, 2022, twelve days after the award was made.

<u>Post-Arbitration Procedure</u>

After the arbitrators issued their decision, Mountainside initiated this case by filing an application for a confirmation of the arbitrators' award pursuant to 9 U.S.C. § 9, which is part of the FAA, and for an award of prejudgment interest.[1]

---

[1] According to the statute, "[i]f no court is specified in the agreement of the parties [for a judgment to be entered upon the arbitration award], then such application may be made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9. The Agreement does not specify a court to enter judgment following the arbitration. State courts have concurrent jurisdiction with federal

4

That section requires a court to issue an order confirming the award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9; see *Shamah v. Schweiger*, 21 F. Supp. 2d 208, 212 (E.D.N.Y. 1998). Mountainside is not asking the Court to vacate or modify the arbitrators' award; instead, it is asking the Court to confirm the award and then add prejudgment interest to it pursuant to 9 V.S.A. § 41a(a) based on the arbitrators' determination that the issue of interest was not arbitrable. Application ¶ 10.

Analysis

Preliminarily, the parties disagree as to whether the question of awarding prejudgment interest falls within the scope of issues that should have been determined by the arbitration panel. Mountainside argues the issue is arbitrable; VMIC asserts that it is not. On the merits of the interest issue, the parties dispute the meaning of "extra-contractual," as that term is used in the Agreement, and whether this term covers Mountainside's claim for pre-award interest.[2] They also clash as to whether Mountainside had complied with the terms of the Policy before the parties submitted Mountainside's claim to arbitration and was, therefore, entitled to the benefits the arbitrators awarded it before the arbitrators heard the parties' evidence and entered the award.

_____

courts to enforce the FAA. *Shahi*, 2006 VT 29, ¶ 5, 179 Vt. at 437 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983)). Thus, this Court has jurisdiction over the case.

[2] The court uses the terms "prejudgment interest" and "pre-award interest" interchangeably to mean the same thing.

The parties, thus, raise three issues: (1) whether the question of Mountainside's entitlement to prejudgment interest is rightly subject to arbitration; (2) whether Mountainside's claim for prejudgment interest is "extra-contractual," as that term is used in the Agreement, and (3) whether Mountainside is entitled to recover prejudgment interest in this case.

A trial court's review of an arbitration award is "very limited." *Vermont Built, Inc.*, 2008 VT 131, ¶ 13, 185 Vt. at 146. The court "does not 'reweigh the evidence presented to the arbitrator or subject the merits of the controversy to judicial review,'" and it only has authority to modify or vacate an arbitrator's award to the extent permitted by the statute or if the parties are denied due process. *Id.* (quoting *Brinckerhoff v. Brinckerhoff*, 2005 VT 75, ¶ 5, 179 Vt. 532, 533). Arbitration is an alternative to litigation because disputes are able to be resolved more efficiently. *Id.* "'[I]f courts were accorded a broad scope of review, then arbitration would become merely another expensive and time consuming layer to the already complex litigation process.'" *Id.* (quoting *Brinckerhoff*, 2005 VT 75, ¶ 5, 179 Vt. at 533); *see Shamah*, 21 F. Supp. 2d at 212 ("To satisfy arbitration's twin goals of settling disputes efficiently and avoiding long and expensive litigation, arbitration awards are subject to very limited review."). Mountainside has presented no specific authority that the Court is authorized to add prejudgment interest to the arbitrators' award,

Nonetheless, an "Arbitration award under the Federal Arbitration Act may include pre-award interest on the compensatory portions of an award when the

6

amount of the underlying liability can be ascertained with some certainty." *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 991 F.2d 141, 148 (4th Cir. 1993); *see also Webb v. United States Fid. & Guar. Co.*, 158 Vt. 137, 144–45 (1992) (prejudgment interest should be added to judgment or arbitration award when insured's damages are "readily ascertainable"). The arbitrators in this case did not determine whether or not Mountainside was entitled to pre-award interest because, as they stated in their decision, it was not "clear and unmistakable" that they were authorized "to arbitrate arbitrability."

Arbitrators only have the authority to arbitrate the disputes the parties have agreed to submit to arbitration. *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 6 F.4th 308, 316 (2021) (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)). "[C]ourts should not assume that the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 531 (2019) (quotations and citation omitted); *see also LAVVAN, Inc. v. Amyris, Inc.*, No. 21-1819, 2022 WL 4241192, at *2 (2d Cir. Sept. 15, 2022) (stating arbitration agreement must contain "clear and unmistakable evidence" of parties' intent to arbitrate arbitrability). If the parties' arbitration agreement is not clear and unmistakable that the arbitration panel is to decide the question of arbitrability, such a determination "is typically an issue for judicial determination." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010) (quotations and

7

citations omitted); *see also DDK Hotel*, 6 F.4th at 317 (citing *Metro. Life Ins. Co. v. Bucsek*, 919 F.3d 184, 191 (2d Cir. 2019)).

On the other hand, a court considering whether a particular dispute is subject to arbitration is to indulge the opposite presumption towards the remedy of arbitration. As the United States Supreme Court has stated: "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 24–25 (1983); see also *M & C Corp.*, 326 F.3d 772, 782 (6th Cir. 2003). In sum: "the law treats silence or ambiguity about the question 'who (primarily) should decide arbitrability' differently from the way it treats silence or ambiguity about the question 'whether a particular merits-related dispute is arbitrable because it is within the scope of a valid arbitration agreement'—for in respect to this latter question the law reverses the presumption [to one in favor of arbitrability]." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944–45 (1995).

Here, the parties dispute whether the arbitrators were authorized to determine whether Mountainside is entitled to prejudgment interest on the ultimate award. It is up to the Court to determine whether the arbitrators were/are so authorized. To answer this question, the Court considers the language of the Agreement and the issues in contention. No mention of the scope of arbitration is made in the Agreement until paragraph 5, which states: "Any remaining dispute between Receiver/MCA concerning entitlement to first-party

8

benefits under the policy for reconstruction of Building shall be submitted to binding arbitration . . . ."

Neither the Agreement nor the policy defines the term "first-party benefits." This term is commonly found in motor vehicle insurance policies and has been defined as "payments made by insurers under insurance policies, for expenses incurred for injury or property damage due to an accident, regardless of fault." 11 *Blashfield Automobile Law and Practice* § 416:16. It often comes into play when determining who is entitled to benefits following a motor vehicle accident. *See, e.g., Swords v. Harleysville Ins. Cos.*, 883 A.2d 562, 564–65 (Pa. 2005); *Carbone v. Visco*, 497 N.Y.S.2d 524, 525 (N.Y. App. Div. 1985). The use of this term does not aid the court in determining whether the parties intended "first-party benefits" to include a potential award of prejudgment interest.

As a corollary to the scope of paragraph 5, the parties also disagree as to the meaning of "extra-contractual claims," which is found in paragraph 1 of the Agreement. Specifically, they dispute how pre-judgment interest should be classified. Mountainside asserts that it is part of its damages and is not extra-contractual in nature. In *Kimball v. Penn Mut. Ins. Co.*, No. 05C-06-052 JTV, 2009 WL 406811, at *2 n.16 (Del. Super. Ct. Jan. 30, 2009), the court explained that prejudgment interest is designed to make an insured whole and, therefore, "'is part of the actual damages sought to be recovered.'" (quoting *Dairyland Ins. Co. v. Douthat*, 449 S.E.2d 799, 801 (Va. 1994)). The court distinguished post-judgment interest as "extra-contractual," in contrast, and stated that post-judgment interest

9

"is not an element of damages, but is a statutory award for delay in the payment of money actually due.'" *Id*. at 801 & n.16 (quoting *Dairyland*, 449 S.E.2d at 801). In *Fishel v. Encompass Indem. Co.*, Case No. 27-CV-16-116, 2017 WL 1548630, at *3 (Minn. Ct. App. May 1, 2017), the court characterized pre-award interest as "part of the underlying claim giving rise to the liability." *See also Burnaby v. Standard Fire Ins. Co.*, 20 Cal. Rptr. 2d 44, 48 (1993) (distinguishing "damages and prejudgment interest" from extra-contractual damages due to the insurer's acting in bad faith).

VMIC, however, asserts that prejudgment interest is extra-contractual and that Mountainside waived its right to collect prejudgment interest when it "release[d] VM from any and all extra-contractual claims associated with its adjustment of claims for benefits[.]" In contrast to the above-cited cases, other refer to prejudgment interest as extra-contractual. *See, e.g., NBI, Inc. v. Gulf Ins. Co.*, No. 03-C-0265-C, 2004 WL 420159, at *3 (W.D. Wis. Feb. 24, 2004) (stating "as with the attorney fees and costs for this action, plaintiff's request for prejudgment interest is extra-contractual"); *Sublett v. Premier Bancorp. Self-Funded Med. Plan*, 683 F. Supp. 153, 155 (M.D. La. 1988) (describing claims for mental anguish and interest lost on claim for benefits as "extra-contractual"); *Borg v. Transamerica Ins. Co.*, No. A087473, 2001 WL 1613865, at *13 (San Mateo Cnty. Super. Ct. Dec. 18, 2001) (describing punitive damages, damages for emotional distress, or prejudgment interest as "extra-contractual"); *Terex Corp. v. Ingalls Shipbuilding, Inc.*, 671 So.2d 1316, 1323 (Miss. 1996) (noting prejudgment interest as "extra-contractual damages").

10

Vermont case law does not specifically address whether pre-judgment interest is "extra-contractual" in nature. *Cf. Freda v. Union Mut. Fire Ins. Co.*, Case No. 20-CV-00692, 2023 VT 2759748, at *2 (Vt. Super. Ct.) (Bent, J.) (describing insured's claim for "bad faith" as "extra-contractual"). The Vermont Supreme Court has repeatedly held, however, that parties are entitled to prejudgment interest in Vermont "when damages are liquidated or reasonably certain." *EBWS, LLC v. Britly Corp.*, 2007 VT 37, ¶ 36, 181 Vt. 513; *see also Alpine Haven Prop. Owners' Ass'n, Inc. v. Deptula*, 2020 VT 88, ¶ 32, 213 Vt. 507. The reason for this is that a defendant "can avoid the accrual of interest by simply tendering to the plaintiff a sum equal to the amount of damages." *EBWS*, 2007 VT 37, ¶ 36 (internal quotation omitted).

Our Supreme Court has also found that prejudgment interest compensates a plaintiff for "the lost use of money," *Remes v. Nordic Group, Inc.*, 169 Vt. 37, 41 (1999), and has stated that "[p]rejudgment interest may be awarded as damages for detention of money due[,]" *Newport Sand & Gravel Co. v. Miller Concrete Constr., Inc.*, 159 Vt. 66, 71 (1992). In the tort realm, the Court has made plain that "[p]rejudgment interest on compensatory damage awards is meant to restore—to the extent possible—harmed plaintiffs to the financial position they would have enjoyed but for the tort…." *Smedberg v. Detlef's Custodial Serv., Inc.,* 2007 VT 99, ¶ 39, 182 Vt. 349, 366. Indeed, the Court eliminated the Court's discretion to award such interest where the damages were readily ascertainable, reasoning as follows: "Discretion in this area can lead only to inequitable results: Plaintiffs who are

11

awarded interest will be made whole; those not awarded interest will not, contrary to the purpose of compensatory damages." *d'Arc Turcotte v. Est. of LaRose*, 153 Vt. 196, 199–200 (1989). *See also West Virginia v. United States*, 479 U.S. 305, 310 (1987) ("Prejudgment interest is an element of complete compensation[.]"); *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654 (1983) ("[P]rejudgment interest should ordinarily be awarded where necessary to afford the plaintiff full compensation[.]").

Accordingly, Vermont treats prejudgment interest as part of a damages award when the damages due a plaintiff are liquidated or readily ascertainable—at least in the absence of a clear waiver of such a claim. *See Inv. Props., Inc. v. Lyttle*, 169 Vt. 487, 497 (1999) (parties can agree to release particular claims); *N. Sec. Ins. Co. v. Mitec Elects., Ltd.*, 2008 VT 96, ¶¶ 22–25, 184 Vt. 303 (parties may agree to release future claims).

Per the Agreement, the parties agreed to arbitrate "[a]ny remaining dispute" regarding Mountainside's entitlement to "benefits" in excess of the $1.5 million that Vermont Mutual agreed to put into escrow. The Court concludes that "any remaining dispute" includes the meaning of "extra-contractual claims," as that term is used in the Agreement, and that it is, thus, appropriate for the arbitrators to resolve this issue. In the Court's view, the determination of the scope of "any remaining dispute" necessarily requires a determination as to the meaning and scope of the extra-contractual waiver. Otherwise, the arbitrators may not resolve all matters that fall within the full scope of the arbitration agreement. In keeping

12

with the Supreme Court's admonition, when a court is faced with such contractual "silence" or "ambiguity," "doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]" *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25; *First Options of Chicago, Inc.,* 514 U.S. at 944–45.

As a result, the Court will remand the question of prejudgment interest to the arbitration panel. *See Springfield Teachers Ass'n v. Springfield School Dirs.*, 167 Vt. 180, 185 (1997) (court may refer matter back to arbitrator in appropriate circumstances); *M & C Corp. v. Erwin Behr GmbH & Co., KG*, 326 F.3d 772, 782 (6th Cir. 2003) (remand to arbitration is proper when issue was submitted to arbitrators but not resolved by award). If the arbitrators determine that Mountainside's claim for prejudgment interest is a "remaining dispute" that has not been waived, they must then determine whether Mountainside is entitled to prejudgment interest in this case.

## Conclusion

The Court confirms the arbitration award and enters judgment in favor of Mountainside in the amount of $2,031,366, which has already been satisfied. The Court remands the case to the arbitrators to determine whether Mountainside's claim for prejudgment interest is a "remaining dispute" that has not been waived. If the answer to that question is yes, the arbitrators must then determine whether

13

Mountainside is entitled to prejudgment interest on the award that was issued in November 2022, and, if so, the amount of such interest.

Electronically signed on Thursday, November 30, 2023, per V.R.E.F. 9(d).

_____

Timothy B. Tomasi
Superior Court Judge