2006 VT 29

# Kaveh S. Shahi and Leslie R. Shahi v. Ascend Financial Services, Inc. and Securian Financial Services

[898 A.2d 116]

No. 05-055

Present: **Dooley, Johnson, Skoglund and Burgess, JJ., and Allen, C.J. (Ret.),** *Specially Assigned*

Opinion Filed April 14, 2006

*Kaveh S. Shahi* of *Cleary Shahi & Aicher, P.C.*, Rutland, for Plaintiffs-Appellants.

*Alan P. Biederman* and *L. Maxwell Taylor* of *Kenlan, Schwiebert & Facey, P.C.*, Rutland, for Defendants-Appellees.

¶ 1. **Johnson, J.** Plaintiffs Kaveh S. Shahi and Leslie R. Shahi appeal a decision of the superior court refusing to modify or vacate an arbitration award received under an arbitration process administered by the National Association of Securities Dealers (NASD). Defendants Ascend Financial Services, Inc., and its successor-in-interest, Securian Financial Services, Inc., are securities brokers who sold plaintiffs certain mutual funds. Plaintiffs argue that the arbitration award is so small in light of their damages that it reflects an "evident miscalculation" of those damages or was the

product of the arbitration panel's bias in favor of defendants and the securities industry in general. We find no such errors in either the arbitration award or the court's denial of plaintiffs' motion to modify or vacate the award. Accordingly, we affirm the court's decision on the merits, but reverse the court's decision not to order redaction of documents filed with the court containing plaintiffs' social security numbers.

¶ 2. In March 2000, plaintiffs purchased certain mutual funds recommended by a registered agent of defendants. In the following years, the mutual funds, which plaintiffs purchased as a college savings plan for their children, declined in value to less than half plaintiffs' initial investment. At the end of 2003, plaintiffs' initial $100,000.00 investment had an actual value of $44,133.00. On March 17, 2003, plaintiffs submitted a claim for arbitration with the NASD, arguing that the mutual funds selected by defendants were not suitable for a college savings plan. On April 27, 2004, the arbitration was held before a three-member panel. On May 20, 2004, the panel ruled in plaintiffs' favor and awarded them $7,761.10 in compensatory damages.

¶ 3. Plaintiffs then filed a motion to modify or, in the alternative, vacate the arbitration award, arguing that the panel either miscalculated the damages or acted with bias in an effort to protect the securities industry. The court upheld the arbitration award and dismissed the motion.* Plaintiffs filed a motion for reconsideration, restating their objections to the award and arguing that defendants improperly disclosed confidential personal and financial information in its opposition memorandum. The court denied plaintiffs' motion on both grounds.

¶ 4. Plaintiffs appeal the court's refusal to modify or vacate the arbitration award under the Vermont Arbitration Act (VAA), 12 V.S.A. §§ 5651-5681. They first argue that the award should be

---

* Plaintiffs argue that the court should not have considered defendants' memorandum opposing the motion to modify or vacate the arbitration award because it was untimely filed. Under Vermont Rule of Civil Procedure 78, parties have fifteen days after the filing of a motion in which to file an opposition memorandum. V.R.C.P. 78(b)(1). Rule 78(b)(1) allows, but does not require, a trial court to dispose of a motion without argument when an opposition memorandum is filed late. Because due process favors decisions on the merits, we are reluctant to overturn a trial court's decision to allow a late filing. See *Dougherty v. Surgen*, 147 Vt. 365, 366, 518 A.2d 364, 365 (1986) (discussing the desirability of judgment on the merits of a case). In this case, the court was within its discretion to allow the opposition memorandum.

modified because the arbitration panel either miscalculated the damages or exhibited gross disregard for the law of compensatory damages. In the alternative, plaintiffs contend that the award should be vacated because members of the panel were biased in favor of the securities industry and exceeded their authority by issuing an award aimed at deterring future claims instead of resolving the present one.

¶ 5. Defendants argue that any decision to modify or vacate the arbitration award is governed by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, which applies to any "contract evidencing a transaction involving commerce." *Id.* § 2. Defendants further contend that plaintiffs' failure to invoke the superior court's jurisdiction under the FAA renders that jurisdiction invalid. The United States Supreme Court has stated that "the federal courts' jurisdiction to enforce the Arbitration Act is concurrent with that of the state courts." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983). Accordingly, the superior court has jurisdiction to hear claims arising under both the state and federal statutes. Therefore, defendants' argument that the superior court was without jurisdiction fails, and is more appropriately understood as an argument addressing which law applies — the VAA or the FAA.

¶ 6. Provisions of the VAA and the FAA that deal with modifying and vacating arbitration awards share the same basic construction: they list circumstances in which the arbitration award should be changed; indicate what, if any, discretion a court has in making that change; and provide procedures for implementing the court's decision. Any differences between the two statutes concern issues that arise *after* a finding has been made as to the existence of one of those circumstances — specifically, a court's discretion to modify or vacate the award and its ability to direct a rehearing by the same or different arbitrators. Under the FAA, a court "may" modify or vacate an award once it finds that one of several conditions exists. 9 U.S.C. §§ 10(a), 11. Under the VAA, in contrast, a court "shall" modify or vacate an award once it finds that one of several conditions exists. 12 V.S.A. §§ 5677(a), 5678(b). Moreover, although both statutes allow for new hearings, the VAA allows for the new hearing to be heard by new arbitrators, 12 V.S.A. § 5677(d), while the FAA does not specifically address the question of new arbitrators. 9 U.S.C. § 10(b).

¶ 7. Before reaching the point at which the VAA and FAA allegedly diverge, however, plaintiffs must satisfy at least one of the criteria triggering modification or vacation of an arbitration award.

The VAA and FAA use similar language to describe circumstances in which a court can modify or vacate an arbitration award. Under the VAA, an arbitration award may be modified if it meets any of the criteria set forth in 12 V.S.A. § 5678, including if "there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award." 12 V.S.A. § 5678(b)(1). The FAA allows for modification of an arbitration award "[w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award." 9 U.S.C. § 11(a). The only difference between the two provisions is that where the VAA requires an "evident miscalculation" in order to modify an arbitration award, the FAA requires an "evident material miscalculation." Because we find that the alleged miscalculation is not evident, we need not focus on any distinctions that may result from the inclusion of "material" in the federal statute.

¶ 8. The VAA allows a court to vacate an award if "there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party." 12 V.S.A. § 5677(a)(2). The FAA allows a court to vacate an award "[w]here there was evident partiality or corruption in the arbitrators, or either of them," 9 U.S.C. § 10(a)(2). We have previously noted that provisions of the FAA and VAA allowing a court to vacate an arbitration award do not conflict with each other. See *Muzzy v. Chevrolet Div., Gen. Motors Corp.*, 153 Vt. 179, 184, 571 A.2d 609, 612 (1989) ("[T]he grounds in 12 V.S.A. § 5677 are identical in substance to the judicial review provisions of the Federal Arbitration Act, 9 U.S.C. § 10(d).").

¶ 9. As illustrated above, the portions of the VAA and FAA that allow a court to modify or vacate an arbitration award are nearly identical. Under either statute, plaintiffs would have to show "evident miscalculation" or "evident partiality" on the part of the arbitrators. As discussed in greater depth below, plaintiffs have not made this showing. Therefore, we do not need to decide which law applies. See *Havill v. Woodstock Soapstone Co.*, 172 Vt. 625, 627, 783 A.2d 423, 427 (2001) (mem.) (declining to reach a choice-of-law question when the result would be the same under either law); accord *Williams v. Stone*, 109 F.3d 890, 896 (3d Cir. 1997); *Seizer v. Sessions*, 940 P.2d 261, 264 (Wash. 1997). The result would be the same under either

statute. Accordingly, we will analyze plaintiffs' claims under Vermont law.

¶ 10. Vermont has a long history of upholding arbitration awards whenever possible. *R. E. Bean Constr. Co. v. Middlebury Assocs.*, 139 Vt. 200, 204, 428 A.2d 306, 309 (1980). Arbitration serves the important purpose of providing an efficient alternative to litigation. *Id.*; see also *Springfield Teachers Ass'n v. Springfield Sch. Dirs.*, 167 Vt. 180, 183, 705 A.2d 541, 543 (1997) (discussing our repeated recognition of the importance of arbitration). To allow arbitration to provide an effective alternative to litigation, trial courts employ a limited scope of review, acting as an appellate tribunal, not a second arbitrator. *Matzen Constr., Inc. v. Leander Anderson Corp.*, 152 Vt. 174, 177, 565 A.2d 1320, 1322 (1989). "The courts must respect an arbitrator's determinations; otherwise, those determinations will merely add another expensive and time consuming layer to the already complex litigation process." *R. E. Bean*, 139 Vt. at 204-05, 428 A.2d at 309. Thus, we do not revisit the arbitrator's decision de novo, but instead "confine our review to (1) whether there exist statutory grounds for vacating or modifying the arbitration award, and (2) whether the parties were afforded due process." *Springfield*, 167 Vt. at 184, 705 A.2d at 544. As plaintiffs make no claim that they were denied due process, we limit our inquiry to whether statutory grounds exist for changing the arbitration award.

¶ 11. Under the VAA, an arbitration award may be modified only if it meets one of the criteria set forth in 12 V.S.A. § 5678. Plaintiffs argue that the award of $7,761.10 was either a mathematical error or a gross disregard of the law of compensatory damages. Section 5678(b)(1) allows for modification of an arbitration award if it is the result of "an evident miscalculation of figures." 12 V.S.A. § 5678(b)(1). We have previously equated "evident miscalculation" with "the mere carrying out of a ministerial act in accordance with a clear formula." *Springfield*, 167 Vt. at 185, 705 A.2d at 544. Plaintiffs rely heavily on *Springfield*, arguing that the arbitration panel failed to perform the "ministerial act" of appropriately calculating their damages. This argument is without merit.

¶ 12. In *Springfield*, the arbitrator issued a two-part award: an order reinstating a teacher to a full-time position with full seniority, and an order requiring that the teacher be made whole for lost earnings that resulted from not receiving a job to which he was contractually entitled. *Id.* at 182-83, 705 A.2d at 543. The award

provided no specific monetary damages because it was impossible to determine the teacher's lost earnings due to uncertainty as to when the teacher would be reinstated. *Id.* at 184, 705 A.2d at 544. We ultimately upheld the arbitrator's decision on the merits, but severed the award and referred it back to the arbitrator for a determination of lost earnings. *Id.* at 185, 705 A.2d at 544. We found that the calculation of damages was more than ministerial; that is, it was not merely a simple calculation that could be made once the teacher was reinstated. *Id.* at 184, 705 A.2d at 544.

¶ 13. The present situation is quite different from that in *Springfield.* Here, the arbitration panel provided no clear formula upon which the award was based. In fact, the panel provided no reasoning at all in support of the award; it merely provided an amount of damages. In the absence of express contractual language to the contrary, arbitration panels need not provide any explanation or reasoning beyond the award figure. See *Wall Street Assocs. v. Becker Paribas Inc.*, 27 F.3d 845, 849 (2d Cir. 1994) ("Arbitrators are not required to provide the rationale for their award, and courts generally will not look beyond the lump sum award in an attempt to analyze the reasoning processes of the arbitrators.") (quotations omitted); cf. *Muzzy*, 153 Vt. at 190-91, 571 A.2d at 616 (discussing with approval an interpretation of the FAA holding that arbitration panels need not explain their awards). Because we accord great deference to the decisions of arbitration panels, we decline to speculate as to award calculations or formulas employed by the panel when those calculations are not "evident" on the face of the award. See *Brinckerhoff v. Brinckerhoff*, 2005 VT 75, ¶ 14, 179 Vt. 532, 889 A.2d 701 (mem.) ("[T]he fact that the panel declined to adopt [one party's] characterization of the [amount at issue] does not constitute an evident miscalculation or evident mistake to be modified under 12 V.S.A. § 5678(b) . . . .") (quotations omitted). We will not find that an arbitration panel made an evident miscalculation based on one party's unsupported assertion that the panel erred.

¶ 14. Plaintiffs argue that if the panel did not miscalculate the damages, it must have disregarded the law of compensatory damages. A party's mere conjecture, however, is not sufficient to demonstrate that an arbitration panel exhibited manifest disregard of the law.

[Manifest disregard of the law] clearly means more than error or misunderstanding with respect to the law. The error

must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator. Moreover, the term "disregard" implies that the arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it.

*Muzzy*, 153 Vt. at 185, 571 A.2d at 613 (quoting *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 933-34 (2d Cir. 1986)). While the panel's award may seem low to plaintiffs, it does not rise to the level of an obvious error that can be instantly perceived. Moreover, there is no indication that the panel ignored an explicit legal principle clearly governing the matter. The losses incurred by plaintiffs' mutual funds occurred during a period of general decline in the market. The fact that the panel did not adopt plaintiffs' theory of damages, which essentially amounts to strict liability for losses sustained by the mutual funds, does not reveal a manifest disregard of the law of compensatory damages.

¶ 15. Plaintiffs next argue that the award should be vacated. Under the VAA, an arbitration award may be vacated if it meets any of the criteria set forth in 12 V.S.A. § 5677. Plaintiffs argue that the award implicates § 5677(a)(2), which requires courts to overturn arbitration awards that were the result of "evident partiality." Plaintiffs infer such partiality from the fact that the panel found for them on the merits, but did not grant them the full amount of their requested damages. According to plaintiffs, the panel reached this decision because of bias in favor of the securities industry.

¶ 16. Simply stated, given this Court's "limited scope of review," *Matzen*, 152 Vt. at 177, 565 A.2d at 1322, plaintiffs' vague assertions of corruption do not meet the high standard for vacating an arbitration award. Plaintiffs point to no evidence of fraud or corruption in their arbitration proceeding. Instead of making particularized allegations of bias, they discuss widespread corruption in arbitration proceedings administered by NASD. Such generalized assertions fall short of the showing of "evident partiality" required by § 5677(a)(2). We therefore apply our traditional deference to the arbitration process and affirm the decision of the superior court.

¶ 17. We now consider plaintiffs' argument that certain aspects of defendants' opposition memorandum containing personal and financial information should be sealed or stricken. Title 4 V.S.A. § 693 provides an affirmative right of public access to court records. *In re Sealed Documents*, 172 Vt. 152, 156, 772 A.2d 518, 523 (2001).

The Rules for Public Access to Court Records provide specific guidance as to the scope of that right, stating a general policy that except for information specifically exempted, "[t]he public shall have access to all case records." V.R.P.A.C.R. 6(a). The court correctly held that the three express exceptions dealing with financial information are inapplicable here. Rule 6(b)(10) exempts financial information relating to an application for an attorney at public expense; Rule 6(b)(11) exempts financial information relating to an application to proceed in forma pauperis; and Rule 6(b)(13) exempts federal, state, and local tax returns not admitted into evidence. None of these provisions encompass plaintiffs' requests to strike or seal the ordinary, personal financial information at issue here.

■ ¶ 18. Documents containing plaintiffs' social security numbers, however, should have been sealed until the numbers were stricken. Rule 6(b)(29) lists, as an exception to the general rule of public accessibility, "[r]ecords containing a social security number of any person, but only until the social security number has been redacted from the copy of the record provided to the public." V.R.P.A.C.R. 6(b)(29). See also V.R.C.P. 5(g) (requiring the redaction of social security numbers from any paper filed with a court). Accordingly, we remand this matter to the superior court for an order that the documents in question be redacted to remove plaintiffs' social security numbers.

*Affirmed; remanded for the superior court to order sealing of documents containing plaintiffs' social security numbers until such time as those documents are redacted.*