**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
**E N T R Y   R E G A R D I N G   M O T I O N**
======================================================================

**In re Union Bank**                                                  **Docket No. 7-1-12 Vtec**
**(Appeal from District #5 Environmental Commission Decision)**

Title: Appellant's Conditional Motion for Enlargement of Time (Filing No. 3)

Filed: Mar. 12, 2012

Filed By: Appellant Union Bank

Response in Opposition filed on 3/29/12 by Interested Person Village of Jeffersonville

Statement in Support of Response filed on 4/2/12 by Cross-Appellant Jean Jenkauskas

Reply filed on 4/9/12 by Appellant


___ Granted                      ___ Denied                      _X_ Other

Currently before the Court is Union Bank's ("Appellant") conditional motion for enlargement of time to file its opposition to Jean Jenkauskas' ("Cross-Appellant") motion to dismiss, strike, or clarify Appellant's Questions. Cross-Appellant filed her motion on February 15, 2012; Appellant responded with a memorandum in opposition on March 12, 2012. Appellant makes a number of arguments in its conditional motion for enlargement of time as to why this Court should accept its memorandum in opposition. The chief issue, however, appears to be whether the 15-day deadline established by V.R.C.P. 78 for filing memoranda in opposition to written motions applies to responses made to pre-judgment motions. Appellant does not contest that it failed to file its response within 15 days of receiving Cross-Appellant's motion. Rather, Appellant contends that V.R.C.P. 78 does not apply to pre-judgment motions and that a deadline of 30 days from the date of service of a pre-judgment motion is more appropriate.

Generally, proceedings before this Court are governed by the Vermont Rules of Civil Procedure. V.R.E.C.P. 5(a)(2). V.R.C.P. 78(b)(1) states that "[a]ny party opposed to the granting of a written motion shall file a memorandum in opposition thereto, not more than 15 days after service of the motion, unless otherwise ordered by the court." In Driver v. Driver, 148 Vt. 560, 561 (1987), the Vermont Supreme Court clearly indicated that the 15 day deadline imposed by Rule 78 on responses to written motions applies to memoranda in opposition of motions to dismiss. Furthermore, this Court has traditionally applied the Rule 78 filing deadline to responses to motions to dismiss. See In re Gaujac Final Plan Review PUD, No. 145-9-10 Vtec, slip op. at 2 n.3 (Vt. Super. Ct. Envtl. Div. Dec. 14, 2010) (Durkin, J.) (reminding parties that in responding to a motion to dismiss, they must comply with the 15 day deadline in Rule 78); In re: Appeals of Woodard and Flatow, Nos. E95-140 and E95-142, slip op. at 1 (Vt. Envtl. Ct. Feb. 20, 1996) (Wright, J.) (noting that appellants failed to file a response to a motion to dismiss either by the 10 business day deadline set by the Court, or "by the 15-day deadline provided in V.R.C.P. 78"). In this case, the Court did not issue a scheduling order setting out alternate

deadlines for filing motions and responses until March 27, 2012, after the motions at issue were filed. Thus, Appellant was bound by the 15 day filing deadline contained in Rule 78 for filing its response. By missing this deadline, Appellant filed a late response.

However, Rule 78 grants the Court discretion to consider a late response. V.R.C.P. 78(b)(1) ("If a memorandum in opposition is not timely filed when required under this rule, the court *may* dispose of the motion without argument." (emphasis added)). In its opposition memorandum to Appellant's conditional motion for enlargement of time, the Village of Jeffersonville contends that Appellant's late filing of its response to Cross-Appellant's motion to dismiss was prejudicial to the Village, insofar as it allowed Appellant to respond to the Village's memorandum in support of Cross-Appellant's motion prematurely. This argument is unpersuasive. Even if Appellant had submitted its response to Cross-Appellant's motion to dismiss before the Village submitted its memorandum in support, Appellant could have subsequently filed a supplemental reply addressing the Village's arguments. Moreover, the Vermont Supreme Court has expressed a preference for courts to "resolv[e] litigation on the merits, to the end that fairness and justice are served." Desjarlais v. Gilman, 143 Vt. 154, 158–59 (1983); see also Shahi v. Ascend Fin. Servs., Inc., 2006 VT 29, ¶ 3 n.*, 179 Vt. 434 ("Because due process favors decisions on the merits, we are reluctant to overturn a trial court's decision to allow a late filing.") (citing Dougherty v. Surgen, 147 Vt. 365, 366 (1986)).

Accordingly, in its discretion, this Court will consider Appellant's memorandum in opposition in ruling on Cross-Appellant's motion to dismiss, strike, or clarify certain of Appellant's Questions, despite the fact that Appellant filed its memorandum after the Rule 78 deadline. In light of our exercise of discretion, we need not reach the question of whether Appellant's late filing constitutes excusable neglect sufficient for this Court to grant a motion for enlargement of time pursuant to V.R.C.P. 6(b).

_____          _____November 8, 2012_____
          Thomas S. Durkin, Judge                              Date

======================================================================

Date copies sent: _____                    Clerk's Initials: _____

Copies sent to:

  Annie Dwight, Attorney for Appellant Union Bank

  Brice C. Simon, Attorney for Cross-Appellant Jean Jenkauskas

  David W. Rugh, Attorney for Interested Person Village of Jeffersonville

  John H. Hasen, Attorney for Interested Person Natural Resources Board, LU Panel

  Elizabeth Lord, Attorney for Interested Person Agency of Natural Resources