## STATE OF VERMONT
## SUPERIOR COURT — ENVIRONMENTAL DIVISION

| | { | |
|---|---|---|
| **In re Union Bank** | { | **Docket No. 7-1-12 Vtec** |
| **(Act 250 Application #5L0468-7)** | { | **(Appeal from District 5 Envtl. Comm.)** |
| | { | |

### Decision on Cross Motions for Party Status and Summary Judgment

Union Bank ("Applicant") applied for an Act 250 permit from the District 5 Environmental Commission ("the Commission") for the construction and operation of a bank facility in the Village of Jeffersonville, Vermont. On October 26, 2011, the Commission issued its Findings of Fact, Conclusions of Law and Order, which concluded that the Project as proposed complies with all applicable Act 250 criteria,[1] except Criterion 10, which relates to the project's conformance with the applicable municipal and regional plans. Applicant appealed the Commission's determination to this Court. Subsequently, Jean Jenkauskas ("Cross-Appellant"), an owner of property adjoining the Project site who participated in the Commission proceeding below, filed a cross-appeal. Cross-Appellant seeks to challenge the Commission's determination that the Project complies with Criteria 1(D) and 4, and also seeks to raise issues on appeal under Criteria 5, 7, and 8. Currently before this Court is Cross-Appellant's motion for party status under Criteria 1(D), 5, 7, and 8, in addition to Applicant's March 20, 2012 motion for summary judgment on Cross-Appellant's Questions 1, 2, 3, and a portion of 4.

In this proceeding, Applicant is represented by Claudine C. Safar, Esq. Cross-Appellant is represented by Brice C. Simon, Esq. The other parties that have appeared in this matter have not filed pleadings concerning the pending motions.

### Factual Background

In order to put the pending motions into context, the Court recites the following facts, which it understands to be undisputed unless otherwise noted:

---

[1] The District Commission issued Findings of Fact and Conclusions of Law specifically referencing Act 250 Criteria 1(D), 4 and 10, but concluded that Findings and Conclusions were not required under all other criteria, since the District Commission had previously determined pursuant to Act 250 Rule 51(F) that the remaining criteria were not at issue in the pending application. See Re: Union Bank, No. 5L0468-7, Findings of Fact, Conclusions of Law and Order, at 2 (Dist. 5 Envtl. Comm'n, Oct. 26, 2011).

1. On March 25, 2011, Applicant filed an application for an Act 250 permit to construct and operate a bank facility ("the Project") on a site at the intersection of Vermont Routes 15 and 108 in the Village of Jeffersonville, a municipal entity within the Town of Cambridge, Vermont.

2. In response, Cross-Appellant petitioned the Commission for preliminary party status in the Commission's proceedings on Applicant's permit application. Cross-Appellant sought to participate as an interested person pursuant to 10 V.S.A. § 6085(c)(1)(E) under Act 250 Criteria 4, 5, 7, 8, and 10.

3. Both the Project site and Cross-Appellant's land have flooded in the past. The bulk of Cross-Appellant's concerns about the proposed Project relate to its potential effect on flooding on her land.

4. Applicant's application was deemed administratively complete on April 18, 2011. The District Commission then gave notice on April 26, 2011 that since the application and supporting materials sufficiently addressed all applicable Act 250 criteria, it planned to process the application on a "minor" basis and to issue an Act 250 permit without a hearing, pursuant to Act 250 Rule 51. The Commission further noted, pursuant to Act 250 Rule 51(C), that it may still conduct a hearing on the pending application if a party requested a hearing and convinced the Commission that there were "substantive issues" on the question of whether the Project would present a significant adverse impact under any of the applicable criteria.

5. The Commission received timely requests for hearing from Cross-Appellant and the Village of Jeffersonville Board of Trustees.

6. In a Memorandum of Decision dated June 16, 2011, the Commission granted the requests for a hearing and concluded that the Act 250 criteria at issue at the hearing would be Criteria 1(D), 4, and 10. The Commission also noted that it would only consider those criteria and would only render findings of fact and conclusions of law in relation to those criteria, all in accordance with Act 250 Rule 51(F).

7. The District Commission also granted Cross-Appellant preliminary party status under Criteria 4 and 10 and denied her party status requests under Criteria 5, 7, and 8. The Commission reaffirmed Cross-Appellant's final party status under Criteria 4 and 10 in its October 26, 2011 Findings of Fact, Conclusions of Law and Order.

8. Cross-Appellant did not petition the District Commission for party status under Criterion 1(D), but the Commission permitted Cross-Appellant to offer evidence related to Criterion 1(D) at its hearing.

2

9.      In its final decision, the Commission found that the Project complied with Criteria 1(D) and 4 but that it did not comply with Criterion 10, specifically as to the Village of Jeffersonville Village Plan.  Thus, the Commission denied Applicant an Act 250 permit.

10.      Applicant appealed the Commission's decision to this Court on January 12, 2012.

11.      Cross-Appellant filed a cross-appeal on January 26, 2012.  On February 15, 2012, Cross-Appellant filed a Statement of Questions.  Question 1 asks whether Cross-Appellant is entitled to party status before this Court under Act 250 Criteria 1(D), 5, 7, and 8.

12.      Cross-Appellant did not file a separate motion for party status pursuant to V.R.E.C.P. 5(d)(2) until November 19, 2012.

### Discussion

Through her motion for party status, Cross-Appellant asserts that she is entitled to party status under Act 250 Criteria 1(D) (floodways), 5 (traffic), 7 (municipal services), and 8 (historical sites).  Applicant challenges Cross-Appellant's claim to party status under all four criteria.  Applicant also asserts that the Court should dismiss Cross-Appellant's entire motion as untimely.  In the alternative, Applicant argues that Cross-Appellant has no standing to seek party status under Criterion 1(D), and that in any case she has failed to make a sufficient showing to claim party status under Criteria 1(D), 5, 7, and 8.

For the reasons detailed below, we conclude as a matter of law that Cross-Appellant has standing to seek party status under Criterion 1(D) pursuant to 10 V.S.A. § 8504(d)(2)(C) and under Criteria 5, 7, and 8 pursuant to 10 V.S.A. § 8504(d)(2)(B).  We also find that Cross-Appellant is entitled to party status before this Court under Criterion 1(D) but not under Criteria 5, 7, and 8.  Finally, we deny as moot Applicant's motion for summary judgment.

### I.      Timeliness of Motion for Party Status

Any person aggrieved by an act or decision of a district commission in a proceeding to review an Act 250 permit application may appeal that act or decision to this Court.  10 V.S.A. § 8504(a).  Generally, however, that person must have been granted party status by the district commission, participated in the proceedings before the district commission, and retained party status at the end of the district commission proceedings in order to have standing to appeal.  10 V.S.A. § 8504(d)(1).  The person may only appeal those issues under the Act 250 criteria for which that person was granted party status.  Id.

3

Notwithstanding these restrictions, a person may also appeal a district commission decision if this Court determines that (1) there was a procedural defect preventing the person from obtaining party status; (2) the district commission's decision being appealed is the grant or denial of party status; or (3) manifest injustice would result if the appeal is not allowed. 10 V.S.A. § 8504(d)(2)(A)–(C). A party seeking to appeal a district commission's decision under one of these three exceptions must assert his or her claim "by motion filed not later than the deadline for filing a statement of questions on appeal." V.R.E.C.P. 5(d)(2). "Failing to file a motion for party status in an appeal pursuant to § 8504(d)(2)(B) is cause for dismissal." In re Verizon Wireless Barton Act 250 Permit, No. 6-1-09 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. Feb. 2, 2010) (Durkin, J.) (internal citations omitted).

In this case, Cross-Appellate filed her notice of cross-appeal on January 30, 2012. Both Cross-Appellant's Statement of Questions and her motion for party status under Criteria 1(D), 5, 7, and 8 were therefore due 20 days later. See V.R.E.C.P. 5(d)(2); V.R.E.C.P. 5(f) (stating that an appellant must file a statement of questions within 20 days of filing a notice of appeal). Cross-Appellant did not meet this deadline for filing her motion for party status, which she instead filed on November 19, 2012, over nine months late. This oversight is grounds for this Court to deny Cross-Appellant party status under Criteria 1(D), 5, 7, and 8 and to dismiss her cross-appeal to the extent it raises issues under those criteria. See Verizon Wireless, No. 6-1-09 Vtec, slip op. at 7.

However, the Vermont Supreme Court has expressed a preference for courts to "resolv[e] litigation on the merits, to the end that fairness and justice are served." Desjarlais v. Gilman, 143 Vt. 154, 158–59 (1983); see also Shahi v. Ascend Fin. Servs., Inc., 2006 VT 29, ¶ 3 n.*, 179 Vt. 434 ("Because due process favors decisions on the merits, we are reluctant to overturn a trial court's decision to allow a late filing.") (citing Dougherty v. Surgen, 147 Vt. 365, 366 (1986)). In the context of a failure to file a timely motion for party status, the Supreme Court has stated that it is within this Court's discretion to consider a late-filed motion, although we are not obligated to do so. See In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 21, 188 Vt. 262.

Dismissing Cross-Appellant's claims under Criteria 1(D), 5, 7, and 8 would severely restrict her appeal. To do so on procedural grounds before reviewing Cross-Appellant's motion for party status would, in this case, not allow for the "full and fair determination" of Cross-Appellant's case. See V.R.E.C.P. 1. In contrast, accepting Cross-Appellant's untimely motion for party status does not unduly prejudice Applicant, who has had notice of Cross-Appellant's

4

intent to seek party status under Criteria 1(D), 5, 7, and 8 since Cross-Appellant timely filed her Statement of Questions in February of 2012.[2]

Accordingly, in our discretion, we will accept and review Cross-Appellant's late-filed motion for party status.

## II.    Standing to Request Party Status Under Criterion 1(D)

Cross-Appellant claims that she is entitled to party status in this appeal under Act 250 Criterion 1(D)[3] despite the fact that she failed to formally request party status from the Commission below.  Cross-Appellant asserts that denying her party status would be a manifest injustice.    Thus, it appears that Cross-Appellant seeks party status under 10 V.S.A. § 8504(d)(2)(C), which allows a party who has not requested party status below to seek party status in an appeal before this Court if a "condition exists which would result in manifest injustice if that person's right to appeal was disallowed."   Applicant contends that Cross-Appellant fails to raise any conditions that would rise to the level of manifest injustice.

Little case law addresses the statutory standard of "manifest injustice" under 10 V.S.A. § 8504(b)(2)(C), but this Court has recognized the standard as rigorous.  See In re Feeley Construction Permits, Nos. 4-1-10 Vtec and 5-1-10 Vtec, slip op. at 18 (Vt. Super. Ct. Envtl. Div. Jan. 3, 2011) (Wright, J.).   In this case, Cross-Appellant claims that a denial of her party status under Criterion 1(D) would represent a manifest injustice because: (1) she participated before the Commission pro se; (2) she did not understand the scope of Criterion 1 during the Commission proceedings and assumed her concerns were fully addressed under Criterion 4; (3) she was unaware that merely presenting testimony regarding flooding before the Commission would not preserve her right to appeal the Commission's decision under Criterion 1(D); and (4) such a denial would prevent this Court from considering the impact of the Project's alleged diversion of flood waters onto Cross-Appellant's property.  (Cross-Appellant's Aff. in Support of Mot. for Party Status at 4–5, filed Nov. 20, 2012.)

---

[2] Cross-Appellant's Question 1 asks, "Should Cross-Appellant Jenkauskas be granted party status as to Act 250 [C]riteria 1(D), 5, 7, and 8?"  (Cross-Appellant's Statement of Questions, filed Feb. 15, 2012.)

[3]   Act 250 Criterion 1(D) allows a permit to be granted when the applicant shows that: "(i) the development or subdivision of lands within a floodway will not restrict or divert the flow of flood waters, and endanger the health, safety[,] and welfare of the public or of riparian owners during flooding; and (ii) the development or subdivision of lands within a floodway fringe will not significantly increase the peak discharge of the river or stream within or downstream from the area of development and endanger the health, safety, or welfare of the public or riparian owners during flooding."  10 V.S.A. § 6086(a)(1)(D).

5

Under the specific facts of this case, we find that denying Cross-Appellant the opportunity to seek party status under Criterion 1(D) would be a manifest injustice. We place particular weight on the facts that (1) Cross-Appellant appeared before the Commission pro se; (2) the Commission considered the Project under Criterion 1(D) on its own motion and permitted Cross-Appellant to participate and offer evidence under Criterion 1(D) in the proceeding below; and (3) Cross-Appellant's concerns with the Project revolve almost exclusively around its effect on flooding on her property, a protected concern under Criterion 1(D).

Accordingly, we find that Cross-Appellant has standing to seek party status for Criterion 1(D) under 10 V.S.A. § 8504(d)(2)(C).

### III.    Party Status Under Criteria 1(D), 5, 7, and 8

The District Commission denied Cross-Appellant final party status under Criteria 5, 7, and 8. Thus, Cross-Appellant has standing to seek party status for these criteria pursuant to 10 V.S.A. § 8504(d)(2)(B) ("the district commission's decision being appealed is the grant or denial of party status"), in addition to her standing to seek party status for Criterion 1(D) under 10 V.S.A. § 8504(d)(2)(C). With respect to these criteria, Cross-Appellant seeks party status pursuant to 10 V.S.A. § 6085(c)(1)(E), available to "[a]ny adjoining property owner or other person who has a particularized interest protected by [Act 250] that may be affected by an act or decision by a district commission." Cross-Appellant may qualify for party status under this subsection if she shows (1) that she has a particularized interest; (2) that her interest is protected by the Act 250 criteria for which she is seeking party status; and (3) that her interest may be affected by the issuance of the land use permit currently under appeal. In re Granville Mfg. Co., No. 2-1-11 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. July 1, 2011) (Durkin, J.). Cross-Appellant must demonstrate that her particularized interests are not general policy concerns shared with the general public. In re Pion Sand & Gravel Pit, No. 245-12-09 Vtec, slip op. at 7 (July 2, 2010) (Durkin, J.); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (in federal cases, a plaintiff must allege a "concrete and particularized" injury to have standing); Parker v. Town of Milton, 169 Vt. 74, 77–78 (1998) (adopting the federal standing requirements).

Finally, Cross-Appellant must show a causal connection between a decision to approve the permit and any potential impacts to her particularized interests. Pion, No. 245-12-09 Vtec, slip op. at 7; see also Granville, No. 2-1-11 Vtec, slip op. at 6. In demonstrating this causal connection, Cross-Appellant need only provide a minimal showing that the Project may affect

her interests. See In re RCC Atlantic, Inc., No. 163-7-08 Vtec, slip op. at 8 (Vt. Envtl. Ct. May 8, 2009) (Durkin, J.)

An adequate threshold showing must describe the evidence or testimony to be introduced at the merits hearing and must be sufficiently concrete for the Court to understand the materiality of the evidence or testimony. Id. at 8–9 (internal quotation omitted). It must be more than mere speculation or theory, and cannot solely consist of "unsupported assertions that vaguely defined interests" may be affected by the Project. Pion, No. 245-12-09 Vtec, slip op. at 7 (quoting Re: Vill. of Ludlow, No. 2S0839-2-EB, Mem. of Decision, at 4 (Vt. Envtl. Bd. May 28, 2003); see also Lujan, 504 U.S. at 560 (plaintiff must allege an "actual or imminent, not conjectural or hypothetical" injury to have standing and show a "causal connection between the injury and the conduct complaint of" (citations omitted)). Thus, for this Court to grant Cross-Appellant party status under a particular Act 250 criterion, she must make a showing "that there is a reasonable possibility" that her particularized interests may be affected by a decision on the Project. In re Bennington Wal-Mart, No. 158-10-11 Vtec, slip op. at 9–10 (Vt. Super. Ct. Envtl. Div. Apr. 24, 2012) (Walsh, J.).

In light of these requirements, we analyze the potential impacts that granting an Act 250 permit will have on Cross-Appellant's particularized interests under Act 250 Criteria 1(D), 5, 7, and 8.

### a. Criterion 1(D)

Act 250 Criterion 1(D) allows a permit to be granted when the applicant shows that:

(i) the development or subdivision of lands within a floodway will not restrict or divert the flow of flood waters, and endanger the health, safety[,] and welfare of the public or of riparian owners during flooding; and

(ii) the development or subdivision of lands within a floodway fringe will not significantly increase the peak discharge of the river or stream within or downstream from the area of development and endanger the health, safety, or welfare of the public or riparian owners during flooding.

10 V.S.A. § 6086(a)(1)(D).

Cross-Appellant acknowledges that her property has historically flooded when the Brewster River overflows its banks. However, Cross-Appellant alleges that the Project site has, in the past, mitigated flooding on Cross-Appellant's property by holding significant amounts of water that would otherwise flow to Cross-Appellant's land. Consequently, Cross-Appellant alleges that construction of the Project, including the addition of "significant amounts of fill" to

7

the Project site, will exacerbate flooding on Cross-Appellant's land and damage her property. Based upon these factual representations, we conclude that Cross-Appellant has a sufficiently particularized interest under Criterion 1(D). Cross-Appellant owns property adjoining the Project site and her interest in preventing additional flooding on her property is particular to her.

In support of her request for party status, Cross-Appellant offers her own sworn testimony; two aerial photographs showing flooding on the Project site and Cross-Appellant's property; and a diagram purporting to show the change in floodwater flow after construction of the Property. This constitutes a sufficiently specific and concrete offer of proof to demonstrate that construction of the Project may affect Cross-Appellant's interest.

The parties appear to agree that the proposed Project is located in a floodway fringe, not a floodway, but Cross-Appellant nonetheless has concerns that the Project could cause an increase in the peak discharge of the river or stream within and downstream from the Project, thereby endangering her property and the health, safety, and welfare of riparian owners downstream from the Project. Applicant disputes these charges and therefore lays the foundation for a disputed material fact that may only be resolved through trial.

We will not weigh conflicting evidence while in the process of reviewing a motion for party status. Rather, we simply review the movant's claim to determine if she has made a showing of a "reasonable possibility" that her protected, particularized interest may be affected by a decision on the Project. See Bennington Wal-Mart, No. 158-10-11 Vtec, slip op. at 9–10. Our task at this juncture is not to assess the merits of the parties' competing claims, but rather simply to determine whether Cross-Appellant has made a sufficient showing that an interest of hers that may be protected under the applicable criteria could be subject to some adverse impact from the proposed Project.

In this case, Cross-Appellant has sufficiently alleged a reasonable possibility of injury from the proposed Project to her particularized interests protected under Criterion 1(D). Accordingly, we **GRANT** Cross-Appellant party status under Criterion 1(D).

### b. Criterion 5

Act 250 Criterion 5 requires that a project "[w]ill not cause unreasonable congestion or unsafe conditions with respect to use of the highways, waterways, railways, airports and airways, and other means of transportation existing or proposed." 10 V.S.A. § 6086(a)(5). Cross-Appellant claims that she has a particularized interest under Criterion 5 that would be

8

affected by the proposed Project. Specifically, Cross-Appellant alleges that construction of the proposed Project will exacerbate flooding that occasionally occurs on roadways proximate to Cross-Appellant's property. She contends that when increased traffic, resulting from the construction of the Project, occurs on such roads, the traffic will direct waves of water toward Cross-Appellant's "first floor, outbuildings, fencing[,] and cord wood." (Cross-Appellant's Aff. in Support of Mot. for Party Status at 5, filed Nov. 20, 2012.)

We conclude that Cross-Appellant has failed to allege a particularized interest that is protected by Criterion 5. Cross-Appellant attempts to cast her flood-related concerns as traffic-related concerns protected under Criterion 5. However, Criterion 5 requires an examination of whether a project will cause "unreasonable congestion or unsafe conditions with respect to use of . . . highways." 10 V.S.A. § 6086(a)(5). Cross-Appellant's allegation that increased traffic caused by the Project will, in times of flood, push waves of water toward her property is not a concern over either congestion or unsafe road conditions, but rather over the effects the Project will have in directing flood water toward Cross-Appellant's property. The concerns Cross-Appellant expresses under Criterion 5 are more appropriately addressed under Criterion 1(D), which is a criterion for which we have granted Cross-Appellant party status. We will address her concerns in relation to flooding, but do not believe it appropriate to also address those concerns in relation to highway congestion or unsafe conditions.

Accordingly, we **DENY** Cross-Appellant party status under Criterion 5.

### c. Criterion 7

Act 250 Criterion 7 requires an examination of whether a project will "place an unreasonable burden on the ability of the local governments to provide municipal or governmental services." 10 V.S.A. § 6086(a)(7). Cross-Appellant raises two primary concerns in support for her party status under Criterion 7. First, Cross-Appellant states that the proposed project will increase flooding on her property, thereby increasing her need for municipal services. Second, Cross-Appellant argues that, "with a commercial bank and numerous customers to protect next door" to Cross-Appellant's home, municipal service providers will, in times of emergency such as flooding, direct services first to the bank that would otherwise be devoted to Cross-Appellant. (Cross-Appellant's Aff. in Support of Mot. for Party Status at 7, filed Nov. 20, 2012.)

In her affidavit filed in support of her motion for party status, Cross-Appellant fails to state concerns for which this Court may grant her party status under Criterion 7. Cross-

9

Appellant's first claim—that increased flooding caused by the Project will increase Cross-Appellant's need for municipal services—does not allege that the Project will create an unreasonable burden on the ability of the local government to provide services to Cross-Appellant. Cross-Appellant's second concern—that municipal services will take longer to reach Cross-Appellant in times of emergency if the Project is constructed—conceivably alleges that the Project will place an unreasonable burden on the local government to provide services. Cross-Appellant's concerns appear to be based upon mere speculation; she provides no specific foundation for her assertion that municipal services for her will be lacking because of the construction of this project. Cross-Appellant must make some threshold showing in support of her allegation that rises above "mere speculation and theory." Pion, No. 245-12-09 Vtec, slip op. at 7. She has failed to do so here.

Cross-Appellant has provided no detail as to how the proposed Project will pose an unreasonable burden on the ability of local government to provide municipal services. Accordingly, we **DENY** Cross-Appellant party status under Criterion 7.

### d. Criterion 8

Act 250 Criterion 8 requires an examination of whether a project will "have an undue adverse effect on the scenic or natural beauty of the area, aesthetics, historic sites or rare and irreplaceable natural areas." 10 V.S.A. § 6086(a)(8). Under Act 250, a "historic site" is defined as "any site, structure, district, or archeological landmark which has been officially included in the National Register of Historic Places and/or the state register of historic places or which is established by testimony of the Vermont Advisory Council on Historic Preservation as being historically significant." 10 V.S.A. § 6001(9). Cross-Appellant argues she is entitled to party status under Criterion 8, because the proposed Project will increase flooding on her property, thereby damaging her home, which she characterizes as historic.

Once again, the root of Cross-Appellant's concern is her allegation that the proposed Project will increase flooding on her property. As a riparian property owner during major flooding events, Cross-Appellant is entitled to challenge the proposed Project under Criterion 1(D). Even if Cross-Appellant had provided some evidence, other than her own statement,[4] that her home is an historic site, the possibility of damage caused to the home by increased flooding

---

[4] We do not understand that a statement, unsupported by any documentation or other facts, that Cross-Appellant's home is historic, satisfies the Criterion 8 standard for official recognition of a property as an "historic site."

10

attributable to the Proposed Project is best addressed under Criterion 1(D).  Accordingly, we **DENY** Cross-Appellant party status under Criterion 8.

IV.    **Applicant's Motion for Summary Judgment**

In addition to Cross-Appellant's motion for party status, Applicant's March 20, 2012 motion for summary judgment is still pending.  Before addressing the motion for summary judgment, we first clarify our November 8, 2012 Entry Order.  In the November Order, we stated that when "a litigant's request for party status is challenged by a motion for summary judgment, we apply summary judgment evidentiary standards in determining whether the litigant is entitled to party status."  In re Union Bank, No. 7-1-12 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Nov. 8, 2012) (Durkin, J.) (citing In re Big Spruce Rd. Act 250 Subdivision, No. 95-5-09 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Apr. 21, 2010) (Durkin, J.)).  However, we also noted that "[p]arty status in an appeal of a decision by a district commission is an issue of standing that is properly decided by this Court before we address the merits of the appeal."  Id. at 3, n.3 (citing In re Pion Sand & Gravel Pit, No. 245-12-09 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. July 2, 2012) (Durkin, J.)).

As an issue of standing, party status is not properly granted or denied through summary judgment.  Instead, we review a litigant's party status using well-established standards.  See, e.g., In re Champlain Parkway Act 250 Permit, No. 68-5-12 Vtec, slip op. at 6–7 (Vt. Super. Ct. Envtl. Div. Oct. 12, 2012) (Walsh, J.) (laying out review standards for party status motions).  The proper filing in response to a motion for party status is a memorandum in opposition.  If, instead, a litigant files a motion for summary judgment in opposition to a motion for party status, our party status review standards do not change.  Thus, when a litigant's request for party status is challenged by a motion for summary judgment, we will not apply summary judgment evidentiary standards in determining whether the litigant is entitled to party status.  Rather, we will utilize our well-established party status review standards without any adjustment or changes.  See id.

This case presents a unique set of circumstances, because Cross-Appellant initially requested party status in certain Questions in her Statement of Questions, rather than in a proper motion for party status.  Applicant's motion for summary judgment on those questions was therefore appropriate in the absence of a motion for party status.  When, however, this Court granted Cross-Appellant leave to file a late motion for party status in our November Order, we effectively rendered Cross-Appellant's motion for summary judgment moot in the

11

event that Cross-Appellant filed a motion for party status in compliance with the Order.[5] Cross-Appellant did so. Accordingly, we now **DENY** Applicant's motion for summary judgment, filed on March 20, 2012 and make the assessments of Cross-Appellant's right to party status as noted above.

### Conclusion

For the reasons detailed above, we **GRANT** in part and **DENY** in part Cross-Appellant's motion for party status, concluding that Cross-Appellant is entitled to party status under Act 250 Criterion 1(D), but that she is not entitled to party status under Criteria 5, 7, or 8. Because she retained final party status under Criteria 4 and 10 in the Commission's proceeding below, Cross-Appellant also holds party status in this appeal under Criteria 4 and 10. See V.R.E.C.P. 5(d)(2).

In response to Applicant's request that this Court dismiss those Questions from Cross-Appellant's Statement of Questions that refer to Act 250 criteria under which Cross-Appellant does not have party status, we **DISMISS** Cross-Appellant's Questions 2 and 3[6] as well as her Question 1 to the extent that it raises issues under Criteria 5, 7, and 8. These Questions are beyond the scope of our jurisdiction, as Cross-Appellant does not have standing to raise issues under Criteria 5, 7, and 8.

Finally, in light of our above conclusions, we **DENY** as moot Applicant's March 20, 2012 motion for summary judgment on Cross-Appellant's Questions 1, 2, 3, and a portion of 4.

Done at Berlin, Vermont, this 1st day of April 2013.

_____
Thomas S. Durkin, Environmental Judge

---

[5] However, we fully considered Applicant's motion for summary judgment and supplemental filings to the extent they raised arguments challenging Cross-Appellant's claim for party status.

[6] Cross-Appellant's Question 2 asks, "Should Act 250 Criteria 5, 7, and 8 be reviewed and analyzed based upon the evidence?" (Cross-Appellant's Statement of Questions, filed Feb. 15, 2012.) Cross-Appellant's Question 3 asks, "Does the proposed project meet the requirements of Criteria 5, 7, and 8?" Id.