*Radcliffe v. Sunrise Family Resource Center*, 310-10-17 Bncv (Barra, J., Apr. 29, 2019)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Bennington Unit | CIVIL DIVISION<br>Docket No. 310-10-17 Bncv |
| Darrell Radcliffe,<br>　　　Plaintiff<br><br>v.<br><br>Sunrise Family Resource Center,<br>　　　Defendant | DECISION ON MOTION |

      This matter is before the court on Defendant's Motion to Seal the Motion for Summary Judgment and Related Exhibits. Defendant requests the documents sealed under § 7 of the Vermont Rules for Public Access to Court Records. Some of the exhibits contain Plaintiff's medical and mental health records and the Motion for Summary Judgment contains references to, and quotations from, those records. Plaintiff has filed an opposition to the motion, except for one page of the record containing his social security number. Plaintiff requests that the page be replaced with a redacted version of the document.

      The Public Access Rules establish a general policy that, except for information specifically exempted, "[t]he public shall have access to all case records." V.R.P.A.C.R. § 6(a); *Shahi v. Ascend Fin. Servs., Inc.*, 2006 VT 29, ¶ 17, 179 Vt. 434, 442 (2006); see also V.R.P.A.C.R. § 4 ("Except as provided in these rules, all case and administrative records of the Judicial Branch shall be open to any member of the public for inspection or to obtain copies."). The Supreme Court, moreover, has identified a presumptive right on the part of the public to examine court records. See, e.g., *In re Sealed Documents*, 172 Vt. 152, 160 (2001); *State v. Tallman*, 148 Vt. 465, 474 (1987). Specific documents exempted from public access include "[r]ecords created as a result of treatment, diagnosis, or examination of a patient by a physician, dentist, nurse or mental health professional," V.R.P.A.C.R. § 6(b)(17), and "[r]ecords containing a social security number of any person, but only until the social security number has been redacted from the copy of the record provided to the public." *Id*. § 6(b)(28). Under § 7(a) of the Public Access Rules, the court "may seal from public access a record to which the public otherwise has access." *Id*. § 7(a). Such an order can only be issued after observance of certain procedural safeguards and "upon a finding of good cause specific to the case before the judge and exceptional circumstances." *Id*.

      As an initial matter, some of the information Defendant wishes to seal is already exempted from public access under V.R.P.A.C.R. § 6(b)(17) (exempting from public access "[r]ecords created as a result of treatment, diagnosis, or examination of a patient by a physician, dentist, nurse or mental health professional"). Such records include numerous exhibits attached to the Motion for Summary Judgment. Thus, the remaining documents at issue are the Motion for Summary Judgment itself and other exhibits that do not meet the § 6(b)(17) exemption.

These other documents are not "[r]ecords created as a result of treatment, diagnosis, or examination of a patient by a physician, dentist, nurse or mental health professional." Accordingly, they are not exempted from public access and may be subject to a § 7(a) order to seal. However, in this case, the Motion to Seal must be denied because Defendant has failed to satisfy the good-cause and exceptional-circumstances requirements of § 7(a). Defendant did not address these requirements in the motion. Moreover, Plaintiff, whose private information is at stake, opposes the Motion to Seal and consents to public access. Thus, there is no good cause, and no exceptional circumstances warrant granting the motion.

Plaintiff's request to replace the document containing his social security number is unnecessary, as that document is exempted from public access until the social security number has been redacted. See *id*. § 6(b)(28).

For the reasons set forth above, the Motion to Seal is DENIED.

So ordered.