VERMONT SUPERIOR COURT

Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 7-1-20 Vtec



| Grimaldi NOV |
|---|

# ENTRY REGARDING MOTION

Title: Motion to Defer Consideration of Appellee's Motion for Summary Judgment
(Motion: 6)
Attorney: Erick Titrud
Filed Date: September 04, 2020
Response in opposition filed 09/11/2020 by Attorney Nicholas A.E. Low for Susan Grimaldi

**The motion is GRANTED.**

Annie Christopher and Peter Backman (Appellants) appeal a December 11, 2019 decision of the Town of Calais Development Review Board (DRB) concluding that a dock owned by Susan Grimaldi (Ms. Grimaldi) is not subject to municipal zoning regulations.  Ms. Grimaldi filed a motion for summary judgment on June 25, 2020, and Appellants filed a response in opposition on July 28, 2020.  Presently before the Court is Appellants' motion to defer consideration of summary judgment and allow time for additional discovery.

Pursuant to V.R.C.P. 56(d), "if a nonmovant shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may" defer ruling on the motion and allow time for discovery.  Appellants in this case have provided an affidavit stating that the Covid-19 pandemic has restricted their counsel's activities, and that the parties have not completed discovery.  Appellants believe that facts material to Ms. Grimaldi's motion for summary judgment are in dispute, and they request additional time to seek document production and depositions before the Court rules on summary judgment.

Ms. Grimaldi strongly opposes deferral, arguing that Appellant's request is untimely, vague, and prejudicial.  Ms. Grimaldi notes that Appellants have already filed their response to the motion for summary judgment, and that they could have propounded written discovery or even conducted remote depositions.  While Appellants' timing leaves much to be desired, this is not a case where a party is "try[ing] to save the day by belatedly invoking Rule 56(d)" after the court has issued a ruling.  See Nieves-Romero v. United States, 715 F.3d 375, 381 (1st Cir. 2013) (stating that a party "must . . .

[invoke] Rule 56(d) at the time he responds to the summary judgment motion (or, at least, at some time before the . . . court passes on that motion)").

The Vermont Supreme Court has held that a decision on a motion for summary judgment requires "an adequate time for discovery." Doe v. Doe, 172 Vt. 533, 534 (2001). We are also mindful that cases should be decided on the merits if possible. See, e.g., Shahi v. Ascend Fin. Servs., Inc., 2006 VT 29, ¶ 3, n.1, 179 Vt. 434; V.R.E.C.P. 1 (prioritizing a "full and fair determination" of matters before the Court). On the other hand, parties cannot be allowed to delay proceedings indefinitely, and "the Court need not employ [Rule 56] to spare litigants from their own lack of diligence." See Hebert v. Wicklund, 744 F.2d 218, 222 (1st Cir. 1984).

Considering the status of discovery in this matter and the practical difficulties noted in Appellants' affidavit, we will defer ruling on Ms. Grimaldi's motion for summary judgment and allow Appellants a limited opportunity to engage in additional discovery. Appellants shall propound all written discovery requests within two weeks of this order, and shall complete all depositions within two weeks after service of Ms. Grimaldi's discovery responses.[1] Allowing this short period of additional discovery will ensure that the motion for summary judgment is properly resolved, without subjecting Ms. Grimaldi to undue delay.

Lastly, Appellants shall file any supplement to the response in opposition to summary judgment within two weeks of completing depositions.

For the foregoing reasons, Appellants' motion is **GRANTED**.

So Ordered.

Electronically Signed:  9/29/2020 10:25 AM pursuant to V.R.E.F. 9(d).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[1] We remind Appellants to limit their discovery requests to the bounds of V.C.R.P. 26 and V.R.E.C.P. 2(c).