VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org



Docket No. 21-ENV-00060

| Higher Ground Conservation Cemetery Assoc. (Application #21-003) |
| --- |

# ENTRY REGARDING MOTION

Title:          Motion to Dismiss

Filer:          Samuel H. Angell, attorney for Applicant-Appellees Michael Mayer, Higher Ground Conservation Cemetery Association, Inc. and The Manitou Project, Inc.

Filed Date:     August 31, 2021

Memorandum in Opposition, filed on September 8, 2021, by Margaret Shugart, attorney for Appellants John and Linda Walker

**The motion is DENIED.**

This matter came before us on appeal from a decision by the Town of Newfane Development Review Board granting conditional use approval to Higher Ground Conservation Cemetery Association and The Manitou Project ("Applicants") for a change of use from conserved land to a natural burial ground.  Two different sets of neighbors to the project—Linda and John Walker and Gordon and Jean Bristol—each timely filed appeals of the DRB decision to this Court.  While the Bristols submitted their Statement of Questions within 21 days of filing their notice of appeal, as required by V.R.E.C.P. 5(f), the Walkers did not submit their Statement of Questions until 29 days after filing their notice of appeal.  The Walkers' attorney states that she relied on her mistaken belief that the time to file a Statement of Questions was 30 days.  Applicant has moved to dismiss the Walkers' appeal based on this untimely filing of a Statement of Questions.

Under our rules, "Failure of an appellant to take any step other than the timely filing of the notice of appeal does not affect the validity of the appeal but is ground only for such action as the court deems appropriate, which *may* include dismissal of the appeal."  V.R.E.C.P. 5(b) (emphasis added). Generally, under the Vermont Rules of Civil Procedure, the Court may extend the time for an action: "with or without motion or notice if the court acts, or if a request is made before the original time or its extension expires; or…on motion made after the time has expired if the party failed to act because of excusable neglect."  V.R.C.P. 6(b).

When determining whether excusable neglect exists, we consider "'the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the

movant acted in good faith.'" <u>Capitol Plaza Act 250, No. 59-5-19, 2019 WL 4136863</u>, at 2 (Vt. Super. Ct. Envtl. Div. Aug. 1, 2019) (Walsh, J.) (quoting <u>In re Laberge Shooting Range</u>, 2018 VT 84, ¶ 14).

Generally, "ignorance of the law or inattention to detail would rarely constitute excusable neglect." <u>In re Lund</u>, 2004 VT 55, ¶ 5, 177 Vt. 465 (mem.) (citing <u>In re Town of Killington</u>, 2003 VT 87A, ¶¶ 17–18) and we certainly do not condone attorneys' relying on memory for filings deadlines. However, the Vermont Supreme Court has expressed a preference for courts to "resolv[e] litigation on the merits, to the end that fairness and justice are served." <u>Desjarlais v. Gilman</u>, 143 Vt. 154, 158–59 (1983); see also <u>Shahi v. Ascend Fin. Servs., Inc.</u>, 2006 VT 29, ¶ 3 n.*, 179 Vt. 434 ("Because due process favors decisions on the merits, we are reluctant to overturn a trial court's decision to allow a late filing."); <u>Capitol Plaza Act 250</u>, No. 59-5-19, slip op. at 3–4 (Vt. Super. Ct. Envtl. Div. Aug. 01, 2019) (granting a motion for extension of time to file a motion for party status given "the short length of the delay and its limited impact on the present proceedings, the lack of an allegation of bad faith, and the lack of an allegation of prejudice").

Applicant-appellees here have not cited any prejudice from the one-week delay in Appellants' filing of their Statement of Questions "other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal." <u>In re Mahar Conditional Use Permit</u>, 2018 VT 20, ¶ 22, 206 Vt. 559 (quoting 16A C. Wright et al., Federal Practice & Procedure § 3950.6 (4th ed.)).

Given the short length of delay, the lack of any apparent bad faith, and the absence of any true prejudice, we **DENY** the motion to dismiss.

**So Ordered.**

Electronically signed on November 24, 2021, at Newfane, VT pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division